1843.

Tower
v.
White.

---

### Tower vs. White and others.

The provisions of the 132d and 136th rules of the court of chancery were intended to relieve the complainant from the expense and delay of a litigation between co-defendants, who were junior incumbrancers, previous to a decree of sale of the mortgaged premises. But, they were not intended to deprive the defendants of the privilege of setting out their respective rights, in their answers, so far as might be necessary to enable the court to make a proper decree for the sale of the mortgaged premises in parcels; so as to protect the rights of the several defendants, upon the reference as to the surplus moneys.

Nor were such provisions intended to relieve the complainant, in a foreclosure suit, from the necessity of setting out in his bill all his claims upon the mortgaged premises; or to prevent the defendants from setting up, in their answers, any claims they might have to the equity of redemption, as incumbrancers or otherwise, as against the complainant.

Where the defendant, in a foreclosure suit, puts in an answer claiming the absolute title to the equity of redemption in the mortgaged premises, subject only to the incumbrance of the complainant's prior mortgage as set out in the bill, or sets up, in his answer, an incumbrance upon the mortgaged premises, in his favor, which is entitled to a priority over all other liens thereon except the mortgage set forth in the complainant's bill, a decree in the cause, upon bill and answer, will preclude the complainant from afterwards

1843.

Tower
v.
White.

setting up any other claims or incumbrances upon the mortgaged premises, as against such defendant.

The proper course for the complainant, in such a case, is to amend his bill, and to set up therein all his claims and incumbrances upon the mortgaged premises; so that they may be litigated, and disposed of by the decree in the suit.

The complainant, in a foreclosure suit, is not entitled to come in, as a matter of course, under the provisions of the 136th rule of the court of chancery, and make a claim upon the surplus moneys arising from the sale of the mortgaged premises, and to have a reference as to that claim.

The defendants, in a foreclosure suit, who are owners of the equity of redemption in any part of the mortgaged premises, have a right to insist that the whole of the complainant's incumbrances thereon shall be ascertained and settled by the decree; so that they and the other owners of the equity of redemption may, if they think proper, pay off his incumbrances, and prevent the necessity of a sale, where none of the other defendants have any specific liens upon the premises.

November 21. THIS was an appeal, by the complainant, from a decretal order of the vice chancellor of the fifth circuit overruling a master's report, allowing an exception to the answer of the defendant White for impertinence. The bill was filed to foreclose a mortgage which had been assigned to the complainant, who was also the assignee of other mortgages upon the equity of redemption in the premises; but who in his bill had said nothing about these junior mortgages. The defendant White was the assignee in bankruptcy of two of the mortgagors in one of the junior mortgages, which was given upon an undivided portion of the equity of redemption which belonged to the bankrupts at the time of giving that mortgage. And the other junior mortgage was held by the bankrupts, originally, but had been assigned by them to the complainant. The defendant White, in his answer, after setting out his right as assignee in bankruptcy to an undivided portion of the mortgaged premises, stated the giving of one of the junior mortgages to the complainant, and the assignment of the other to him, by the bankrupts; and averred and charged that the junior mortgages were so given and assigned to the complainant for the purpose of giving him an illegal preference, in fraud of the bankrupt laws. And the question upon the appeal

was whether this part of the answer of the defendant was impertinent.

*C. P. Kirkland,* for the complainant.

*A. Taber,* for the defendant White.

THE CHANCELLOR. Without taking time to examine the question whether the complainant's exception did not cover too much, I am satisfied that the answer is not impertinent in the matters excepted to. Previous to the adoption of the 132d and the 136th rules of this court, in January, 1830, junior incumbrancers, who were made defendants, not only were authorized to litigate their claims with the complainant, but also with their several co-defendants, previous to the decree of sale. And as a general rule they were required to do so. (*Renwick* v. *Macomb, Hopk. Rep.* 277.) The object of these two rules was to relieve the complainant from the expense and delay of this litigation between co-defendants, or of attempting to set up their respective rights in his bill. But it was not intended by the court to prevent the defendants from setting out their respective rights, in their answers, so far as might be necessary to enable the court to make a proper decree for the sale of the mortgaged premises in separate parcels, or otherwise ; so as to protect the rights of the several defendants, upon the reference which was to be had, under the last of these rules, as to the surplus moneys. Nor was it intended by the court to relieve the complainant, in a foreclosure suit, from the necessity of setting out, in his bill, all his claims upon the mortgaged premises ; nor to prevent the defendants from setting up in their answers any claims they might have to the equity of redemption, as incrumbrancers or otherwise, as against the complainant. If the defendant therefore puts in an answer, as he has a right to do if the fact is so, setting up an absolute title to the equity of redemption, subject only to the complainant's mortgage as stated in the bill, or sets up, in his answer,

1843.

Tower
v.
White.

an incumbrance as a lien upon the mortgaged premises, in his favor, which is entitled to a priority over all other liens thereon except the mortgage set forth in the bill, the decree will be conclusive against the complainant, as to any other lien or claims he may have upon the premises, in case he neglects to file a replication to the answer and litigate the question in the usual way. The complainant should, in such a case, amend his bill, setting up therein all his claims and incumbrances upon the mortgaged premises; so as to have them litigated, and disposed of by the decree in the suit. For the 136th rule does not authorize the complainant to come in and have a reference, as a matter of course, to ascertain and settle the right to the surplus moneys. The language of the rule shows it was intended for the benefit of the defendants in the suit ; and to save the necessity of their making their claims by answer, where such claims could as well be settled under the order of reference.

The complainant's counsel in this case is right in supposing that the decree, and the master's deed under it, will cut off the lien of these junior incumbrances, although they are not mentioned in the bill ; provided they are not assigned before decree to some bona fide purchaser who shall give notice of his claim before such sale. But the defendant, as the owner of the equity of redemption in a portion of the mortgaged premises, has a right to insist that the whole of the complainant's incumbrances shall be ascertained and settled by the decree ; so that he and the other joint owners of the equity of redemption may, if they think proper, pay off those incumbrances, and prevent the necessity of a sale, if none of the other defendants have any specific liens upon the premises.

The decretal order, of the vice-chancellor must therefore be affirmed, with costs.