## SUPREME COURT.

SAMUEL DRURY, Respondent agt. WILLIAM H. CLARK and
WIFE, impleaded, &c., Appellant.

In a *mortgage foreclosure* case, the general allegation in the complaint that the
defendants (those designated) have or claim some interest in, or lien upon the
mortgaged premises, which, if any, is subsequent to the plaintiff's mortgage, is
a sufficient statement of a cause of action against such defendants.

That is, the plaintiff is not compelled to state a variety of issues to different de-
fendants; issues in which he has no interest, and to await their determination
among the defendants whom he is bound to make parties. Such defendants
are only interested in the eventual surplus, if any, and their respective inter-
ests are material only among themselves, and not to the plaintiff.

Where the equity of redemption is stated in the complaint to have been conveyed
by the mortgagor to one of the defendants who is made a party, as claiming
some interest subsequent to the mortgage, who assumed and covenanted to pay
the mortgage as part of the consideration of the conveyance which he received;
the mortgaged premises are, therefore, the primary fund for the payment of the
debt, and after them the defendant thus covenanting, is next liable; and his
grantor stands in the position of surety as to such defendant.

Therefore, where the mortgagee asks a personal judgment only against such de-
fendant, as the owner of the equity of redemption, it is not necessary that the
mortgagor be made a party to the foreclosure. It is only when the party,
against whom the mortgagee asks a personal judgment for any deficiency, is a
mere surety of the mortgagor that it can be insisted that the latter should be
made a party, and the plaintiff's remedy exhausted against him for any defi-
ciency in the lands, before resorting to his surety.

It is well settled that a grantee of mortgaged premises, who has assumed the
payment of the mortgage, is a proper party to a foreclosure, and can be made
liable on such a covenant.

*Kings General Term, October,* 1857.

S. B. STRONG, BIRDSEYE and EMOTT, *Justices.*

THE complaint in this action showed by its allegations that
Daniel Richards, for the purpose of securing the payment to
Edward Belknap, of the sum of $4,755, with interest thereon,
on or about the first day of March, 1850, executed and deliv-
ered to said Belknap, a bond bearing date on that day, in the
penalty of $9,510, on condition that the same should be void
if the said Daniel Richards should pay to the said Edward Bel-

knap, his executors, &c., or assigns, the said sum first above mentioned, on the first day of March, 1851, with semi-annual interest; and as collateral security for such payment, the said Daniel Richards on the same day of the date of said bond, executed, acknowledged and delivered to the said Edward Belknap, a mortgage on forty lots of land, in the sixth ward of the city of Brooklyn, with the same condition as the bond, with the power to sell the premises in due form of law, in case of the non-payment of said sum of money, according to the condition of said bond and mortgage, which mortgage was duly recorded.

By an assignment bearing date March 16th, 1850, the said Edward Belknap did grant, bargain, sell, assign, transfer and set over unto Washington Hunt, Esq., comptroller of the state of New-York, all his right, title and interest, of in and to the said mortgage and bond therein described, and the money due and to grow due thereon, with interest; which assignment was duly recorded on the said 16th day of March, 1850, which was done for the purpose of banking, as set forth in the statutes.

And by an assignment bearing date October 17th, 1853, Daniel B. St. John, the superintendent of the banking department of the state of New-York, in pursuance of the act entitled "An act to authorize the business of banking," passed April 18th, 1838, and the several acts amendatory thereof, did grant, transfer and assign unto the plaintiff, Samuel Drury, all and singular the said bond and the moneys thereupon due or to become due and owing, together with said mortgage and mortgaged premises given and granted, for the security thereof. And the plaintiff averred that he has ever since been and now is the owner and holder of the said bond and mortgage. And it was also averred, that the said Daniel Richards had failed to comply with the condition of the said bond and mortgage, by omitting to pay said sum of $4,755, and that there was justly due the plaintiff thereon said last-mentioned sum, with interest from May 1st, 1856. That no proceedings had been had at law or otherwise, to his knowledge or belief, for the recovery of said sum of money so secured, or any part thereof.

" And the plaintiff further shows that he is informed and believes, that Wm. H. Clark, Elizabeth S. Clark, the International Insurance Company of the city of New-York, Henry J. Scudder, receiver of the International Insurance Company of the city of New-York, and John A. Machado, have or claim to have some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage, and that the said Daniel Richards by deed, on the eleventh day of July, 1855, duly conveyed the said premises for a valuable consideration to the said defendant Wm. H. Clark, who covenanted and agreed therein to assume and pay the said bond and mortgage, as part consideration of the purchase money, and accepted the said deed."

The plaintiff therefore demanded that the defendants and all persons claiming under them, subsequent to the commencement of this action, might be barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises; that the said premises might be decreed to be sold according to law, &c.; and that the defendant William H. Clark, might be adjudged to pay any deficiency, &c., and for such other and further relief, &c.

" The defendants William H. Clark and Elizabeth S., his wife, demur to the amended complaint in this action, and state the following grounds of objection to the said complaint, that is to say :

" *First.* There is a defect of parties defendants, viz : Daniel Richards, the maker of the bond and mortgage set forth in said complaint, and the person primarily liable for the debt secured by the said bond and mortgage, is not made a party to this suit.

" *Second.* That the said complaint does not state facts sufficient to constitute a cause of action against these defendants or either of them in this, to wit :

" 1. The complaint does not show that the plaintiff has any legal title to the bond and mortgage mentioned in the said complaint. The complaint shows that it was assigned to and became vested in the comptroller of the state of New-York,

but said complaint does not show that said comptroller ever re-assigned it, or parted with his title to it.

" 2. The complaint does not show that Daniel B. St. John, superintendent of the bank department, had any right, power or authority to assign the bond and mortgage mentioned in the complaint, to the plaintiff.

" 3. There is no fact stated in said complaint which justifies the making of these defendants parties to this action. The general statement in said complaint that these defendants ' have or claim to have some interest in or lien upon,' the premises, is not a statement of any fact or facts which would authorize this court to give any judgment against these defendants.

" 4. The statement in said complaint, that this defendant William H. Clark, covenanted and agreed to assume and pay the said bond and mortgage, constitutes no cause of action against said defendant in favor of the plaintiff, for the reasons that the plaintiff was neither a party or privy to any such agreement, and it does not appear that any paper or deed containing any such agreement was ever signed or executed by said William H. Clark, and it contains nothing upon which this court would be authorized to render any judgment against these defendants or either of them."

The demurrer was brought to argument at a special term held at Brooklyn, in June, 1857, before Mr. Justice BIRDSEYE, who overruled the demurrer with costs, with liberty to answer in twenty days, &c., and referred the action to a sole referee, to hear and determine all the issues of law and fact, &c. From this order the defendants William H. Clark and wife, appealed to the general term.

LATSON & LOCKWOOD, for appellants.

I. There is a defect of parties defendants, viz: Daniel Richards, the maker of the bond and mortgage, set forth in the complaint, and the person primarily liable for the payment of the debt secured by such bond and mortgage, is not made a party.

1. This defect appearing on the face of the complaint is prop-

erly raised by the demurrer. (*Code, section* 144, *subdivision* 4; *Wallace* agt. *Eaton,* 5 *Pr. Rep.* 99.)

2. Section 122 of the Code provides, that " when a complete determination of the controversy cannot be had without the presence of other parties, the court *must* cause them to be brought in." ·

3. The decree prayed for in the complaint, would not extinguish the liability of Daniel Richards on his bond for any deficiency in the sale of the mortgaged premises, if the same could not be collected of the defendant Clark; neither would it foreclose the right now absolutely vested in him, to have the mortgaged premises sold to the best advantage, in a proceeding to which he should be a party, and should have the right of appearing for the protection of his own interests. And he in such case, would have the right to have resale of the property, and the first purchaser's title would be imperfect.

4. The rights of the parties under the covenant alluded to in folio 11 of Case, cannot be finally determined in this action without Daniel Richards being a party. The covenant, if any, was between Clark and Richards, and there are rights and equities existing between them which each of them has a right to have settled in this action, and not to be compelled to resort to another litigation.

II. The said complaint does not state facts sufficient to constitute a cause of action against these defendants.

1. The complaint does not show that the plaintiff has any legal title to the bond and mortgage mentioned in the said complaint. It shows that they were assigned to and became vested in the comptroller of the state of New-York, but does not show that the comptroller ever re-assigned them or parted with his title to them.

2. The complaint does not show that Daniel B. St. John, superintendent of the bank department, had any right, power or authority to assign the bond and mortgage to the plaintiff.

3. There is no "*plain and concise statement of the facts constituting a cause of action,*" against the defendants Clark and wife, as required by section 142 of the Code. The general

allegation that they "*have or claim to have some interest in or lien upon the premises*," is in the alternative, and it does not state what that interest is or might be. It is in pursuance of an old rule of the court of chancery, when that court had the power to prescribe the form of pleadings in that court. But that power has by section 140 of the Code, been taken away, and positive provisions of statute law substituted, which the court can neither extend nor contract, and which requires facts to be stated, and those positively, and not in the alternative.

4. The statement in said complaint that this defendant William H. Clark, covenanted and agreed to assume and pay the said bond and mortgage, constitutes no cause of action against said defendant in favor of the plaintiff, for the reasons that the plaintiff was neither a party nor privy to any such agreement; and it does not appear that any paper or deed containing any such agreement was ever signed or executed by said William H. Clark, and it contains nothing upon which this court would be authorized to render any judgment against these defendants or either of them; and no judgment could be rendered on such covenant, except Richards was a party, so as to bind him.

W. C. BETTS, *for plaintiff.*

I. There is no defect of parties defendants by reason of Daniel Richards not being made a party. The case, (folio 11,) shows that Richards divested himself of the title to the property, and conveyed the same by deed to the defendant Clark.

II. Facts sufficient to constitute a cause of action, are stated:

1. The complaint (folio 7) shows the assignment of the bond and mortgage to Washington Hunt, " comptroller, &c. ;" and folios 8 and 9 show that Daniel B. St. John, " the superintendent of the banking department of the state of New-York, in pursuance of the act entitled ' an act to authorize the business of banking, passed April 18th, 1838, and the several acts amendatory thereof,' " assigned the said bond and mortgage to the plaintiff. The said act (*R. S.* § 264, *p.* 1168, *4th ed.*)

possesses the "superintendent" with all the powers of the "comptroller."

2. The complaint (folio 11) above referred to, reciting the conveyance of the premises by Richards to Clark, and the payment of this bond and mortgage being assumed as part of the purchase money, besides the general allegation in folio 11, constitutes a sufficient cause of action.

By the court—EMOTT, Justice. There are but two objections in this case, which I think it necessary to notice. The first is, that the general allegation in the complaint, that William H. Clark and other defendants who are named, have or claim some interest in or lien upon the mortgaged premises, which, if any, is subsequent to the plaintiff's mortgage, is not a sufficient statement of a cause of action against these defendants. This mode of statement in cases where junior incumbrancers are made parties to a foreclosure suit, was introduced into the practice of the court of chancery by the rules of Chancellor WALWORTH. The rule was made to obviate the inconvenience which mortgagees had encountered in foreclosure suits, when they were compelled to wait the determination of all the rights and equities of junior incumbrancers and purchasers among themselves, before a decree could be obtained for the foreclosure of the first mortgage. (*Hopk.* 277.) The effect of the rule was to postpone to the sale any litigation between junior incumbrancers who were co-defendants. Such disputes were thus deferred until it was ascertained that there would be a surplus after satisfying the plaintiff's mortgage, which surplus was the only fund which such a litigation concerned or which it should affect. (*See* 10 *Paige*, 395; 9 *id.* 545; 4 *id.* 85.) If the rule of pleading under the Code is stated correctly in the defendant's points, this beneficial reform will be set aside, and foreclosure suits will bristle with new difficulties. The plaintiff will be compelled to state a variety of issues to different defendants, issues in which he has no interest, and to await their determination among the defendants whom he is bound to make parties. This should not be per-

mitted if possible, and is not, I think, required.   The complaint before us states that these various defendants have or claim, each some interest in or lien upon the mortgaged premises, but in every case, such lien or interest is subsequent and subject to the plaintiff's mortgage.   This states sufficiently all that is necessary for the plaintiff's purpose.   The fact that these defendants have or claim some interest in the lands mortgaged, makes them proper parties to the foreclosure, and the fact that these interests are subsequent to the plaintiff's lien, render it unimportant to him or to the purposes of his suit, so long as that is confined to the foreclosure and sale under his mortgage, what the particular rights of these defendants are.   They are only interested in the eventual surplus, if any, and their respective interests are material only among themselves, and not to him.   All that the plaintiff asks is a foreclosure of his mortgage against their estates or interests, and it is sufficient for that purpose and to justify making them parties that they have or claim some interests or estates, but these whatever they are, are subject to his mortgage.   Any detail of their titles or the extent and relative priority of their interests would be superfluous if the suit is confined to the first mortgage and the judgment proceeds no further.

It is also contended by the defendants, that the suit is defective, because the mortgagor is not a party.   The equity of redemption is stated in the complaint to have been conveyed to the defendant Clark, who assumed and agreed to pay the mortgage, as part of the consideration of the conveyance which he received.   The mortgaged premises are, therefore, the primary fund for the payment of the debt, and after them the defendant Clark, is next liable.   He has no right to complain of the absence of his grantor, for as between these two, Clark is the principal debtor, and Richards the surety.   It is only when the party, against whom the mortgagee asks a personal judgment for any deficiency, is a mere surety of the mortgagor, that he can insist that the latter should be made a party, and the plaintiff's remedy exhausted against him for any deficiency in the lands before resorting to his surety.   (*See Bigelow* agt.

*Bush,* 6 *Paige,* 343.) There is no controversy between the plaintiff and the defendants, which requires that Richards the original mortgagor, should be brought in, in order to its final determination. We cannot even assume upon the statements of the complaint, that there is any controversy between him and the defendant Clark, as to the liability of the latter to the plaintiff. But if there be, it is a dispute wholly between them, not affecting the immediate liability of Clark to the plaintiff, and with which, therefore, the plaintiff is not bound to concern himself.

It is altogether probable that the question of pleading which this demurrer presents, has been determined in some of the courts, since the passage of the Code, but if any such case is reported, it has escaped my observation, and the argument printed by the defendant's counsel, is entirely barren of any authorities affecting the question. I observe that the defendants contend that a grantee of mortgaged premises, who has assumed the payment of the mortgage, is not a proper party to a foreclosure, or cannot be made liable upon such a covenant. The reverse of this proposition has been so long settled that it needs no authorities to sustain it.

The order of the special term must be affirmed, with costs.