By the Court:

Fithian, J.
I concur with the Justice at Special Term that this action can be maintained in equity. By the covenant in the deed from plaintiff to' the defendant, the latter, for a good consideration, undertook to pay plaintiff's debt to a third person. The defendant thereby, as between him and the plaintiff, became the principal debtor, and the plaintiff his surety. It is a well-settled rule of equity that a suit in equity may be instituted and maintained by a surety, to compel payment by the principal upon a covenant of indemnity; and unless there be some good reason shown to the contrary, the Court will decree specific performance, *379 upon the same principle that they entertain a bill of quia timet (2 Story’s Eq., sec. 880, p. 194; Marsh v. Pike, 1 Sandford, Chy., 210; 10 Paige, 395).
The action is properly brought in the name of plaintiff individually. The assignment of the mortgage must be construed as the assignment to him in his individual capacity. The words “ executor est. B. A. Miller,” following plaintiff’s name in the assignment, must be rejected as surplusage, or considered as descriptio personas only, as in the cases of Peck v. Mattoon, (10 N. Y., 509), and Ogdensburg Bank v. Van Rensselaer (6 Hill, 240); especially so in this case, as there is no evidence of the existence or death of any such person as R. A. Miller, or that he left an estate, or that plaintiff was his executor.
I am also of opinion that the receipts were competent evidence prima facie to show payments by plaintiff upon the bond. There was no question as to the genuineness of the signature' of the then holder of the mortgage. The defendant, by his covenant, became the principal debtor on the bond and mortgage, and could be so considered and treated by whoever held the mortgage, and a personal judgment could have been obtained against him in an action to foreclose the mortgage. Assuming, as we must, that the law of South Carolina is the same as ours in that respect, in any such action, these receipts would be competent in favor of defendant to reduce the recovery. They are made against the interest of the party holding the mortgage, are indorsed upon the bond itself, and must be considered a part of the res gestee. Besides, I do not see how the defendant is bound in the premises.
Upon the law of the case, as claimed by the defendant, plaintiff was entitled to recover all that he had paid. Striking the receipts from the case, then the production and proof of the bond and mortgage, in the absence of any proof on the part of defendant to the contrary, would have been prima facie evidence of payment by the plaintiff of the full amount of it, while the evidence by defendant clearly shows that the sum paid by plaintiff, at the time of the assignment to him, was not in satisfaction *380 of the whole amount of the mortgage debt, but only of what re mained after deducting these payments.
The remaining question is as to the amount of the decree.' While I am clearly of opinion the plaintiff cannot, upon the facts in this case, have a decree in equity for any greater amount than he has paid, yet, in the view'I take of the evidence, it is unnecessary to examine that question at length. In this case, the production of the bond and mortgage on the trial is proof of due assignment thereof to the plaintiff; and proof of the receipts was of itself prima facie proof of the payment of the full amount thereof by the plaintiff. The onus then was upon the defendant to show (if he claimed such to be the fact) that the plaintiff obtained the mortgage for a sum less than the full amount secured thereby. This the defendant has undertaken, but, I think, wholly failed to do. The only question is in respect to the item of $3,823.44, which defendant insists was not paid in full by the plaintiff. One thousand dollars of this item was paid by plaintiff, crediting thereon a debt of that amount,, owing to him by the holder of the mortgage. This debt was not disputed; it was therefore so much cash. “ The balance (about-$2,823.44) was paid by a check of O. Mills & Co., on a bank in Charleston.” It is true that in judgment of law the delivery to a creditor, by a debtor, of a check or note, for or on account of a precedent debt, is not of itself evidence that the check or note was taken in payment or satisfaction of the debt; yet-it may always be shown by proof that it was, in fact, so taken. Here the proof is positive that this check of 0. Mills & Co. was so taken. The only witness who did speak on the subject, and he one of the parties to the negotiation, swore “ the balance was 'paid ” by this check. The witness then proceeds to state: “ The currency at that time was Confederate treasury notes, and checks on banks at that time were paid in that currency.” The witness does not state, except inferentially, how this check of 0. Mills & Co. was paid, nor is it material to inquire. The question .is not what the payer of the check realized upon it, but what it was worth to the plaintiff, or what it cost him to obtain it. There is *381 no evidence of the precise amount of the check on its face, but as it was given in payment of a certain balance, viz., $2,823.44, presumptively it was for that amount on its face. It must be presumed also, in the absence of proof to the contrary, that the drawers of the check had sufficient funds in the bank to meet it, and that it was accepted and paid by the bank. There was no proof of protest or complaint by the person to whom the check was paid. It must be considered, therefore, that the check was given for the amount it called for, and that was for the number of dollars and cents named therein, in the money of account of the United States. This Court cannot acquiesce in the right of the drawers or acceptors of the check, without the consent of the holder, to extinguish the obligation thereby created, in any other way than by the legal-tender money of the United States, any law or custom- of the State of South Carolina to the contrary notwithstanding. Had it appeared affirmatively that the plaintiff had purchased a certain quantity of illegal and unauthorized promises to pay, worth as property but twenty cents on a dollar of their face, and that, by a compromise between him and the holder of the mortgage, the holder had taken these promises at their full nominal face or value, in satisfaction of this mortgage, another question would have arisen. But it suffices to say no such facts appear; and there is no evidence in the case to negative the presumption that O. Mills’ check was worth its face in United States currency.
The judgment should be affirmed, with costs.