McCunn, J.
(dissenting). About the facts of this case there is no controversy. It is either admitted, or else is established by a clear preponderance of proof, that the plaintiff sold his interest in the copartnership, of which the plaintiff and de *499 fendant were the component members, to the defendant, and took back from the defendant an agreement that he would pay all the copartnership debts, and would indemnify this plaintiff against all liability in respect of them; that, in pursuance of such sale, the plaintiff delivered to the defendant the custody and control of all the copartnership effects; that various suits have been instituted against the plaintiff to recover of Mm the very debts which the defendant assumed and agreed to pay, in consideration of the transfer to him of the plaintiff’s interest in the copartnership; that, except the court interfere by an exertion of its equity powers, the entire copartnership property will be diverted to the defendant’s individual use, and the plaintiff be compelled to pay all the copartnersMp debts, without the possibility of relief or indenmity from the defendant, who is utterly insolvent.
On this state of facts, Chief-Justice Barbour appointed a receiver of the copartnership property, with the usual injunction, and the appeal is from those orders of injunction and receivership.
If tMs court have no power to grant the relief required by the exigency of the case, then is there a defect in our system which I had not supposed to exist. To say that the plaintiff has no resource but upon his contract of indemnity, and that he must permit all the copartnership property to be dissipated, and then seek redress of an insolvent individual, is not only a mockery of administrative justice, but a plain violation of the spirit of our law, which abhors multiplicity and circuity of action, and pretends to accord complete relief in every instance of appeal to its protection. I find no difficulty in establishing the plaintiff’s right to relief, and that, too, upon familiar principles of equity jurisprudence. Confessedly, as between the plaintiff and defendant, and in respect to the copartnersMp debts, the defendant, by virtue of his contract of indemnity, is'the primary debtor, and the plaintiff a mere surety. The plaintiff’s equity to relief is founded then on the following elementary principles:
1. On the right of the partners, as between themselves, to have *500 the partnership property first applied to the discharge of the partnership debts (Story, 1 Equi. Juris., secs. 675-676; Wilson v. Robertson, 21 N. Y., 592; Havens v. Hussey, 5 Paige Ch. R., 30; Greenwood v. Broadhead, 8 Barb., 593; Lindley on Partnership, passim).
2. On the right of the plaintiff to marshal the partnership property (securities) so as to protect him, a surety (Hayes v. Worth, 4 Johns. Ch. R., 132; Willard Equity Juris., 333-337; 1 American Leading Cases, 369; 1 Story Eq. Juris., secs. 633-645.)
3. On the right of the plaintiff, as surety, to be subrogated to all the remedies of the creditors against the defendant (Willard Eq. Juris., 110-340).
4. On the right of the plaintiff, as surety, to compel a resort in the first instance to the defendant as principal (Willard Equi. Juris., 346).
5. On the principle of quia timet, to protect the partnership property, as clothed with a trust to pay the partnership debts ; (Willard Equi. Juris., 332; Story on Partnership, sec. 360). This principle is applicable in favor of sureties (Ranelaugh v. Hayes, 1 Vernon, 190; Hoyes v. Ward, 4 Johns. Ch. R., 132; King v. Baldwin, 2 Johns. Ch., 562; Champion v. Brown, 6 Johns. Ch., 406).
6. On the right of the surety in equity to compel payment by the principal when the surety has been brought under liability by the debt falling due, although he may not have actually been sued (Willard’s Equi. Juris., 109; Autrobus v. Davidson, 1 Merivall, 569-578; 1 American Leading Cases, 363.)
7. On the right of a party, in the precise situation of this plaintiff, to compel specific performance of a general covenant of indemnity, though it exceeds only in damages (Champion v. Brown, 6 Johns. Ch. R., 405, and cases cited; 1 Story Equi. Juris., secs. 130-358). And
8. On the fundamental ground of equity jurisdiction, that equity will interpose to redress fraud and prevent irreparable damage.
In Cranston v. Plunet et al. (54 Barbour, 59), a husband had *501 made a settlement on Ms wife and had taken back a covenant of indemnity against liability for her support. It was urged that the husband had no redress but in the trustees’ responsibility, but the General Term of the Supreme Court held that the contract of indenmity gave him a right to require that the property settled should be specifically appropriated to the purposes of the trust. Mills v. Watson, decided at General Term of this court in May, 1869, and reported in Transcript of 12th April, 1870, was an action in equity in the nature of a bill, quia timet, to compel the defendant specifically to perform a covenant of payment and indemnity. Mr. Justice FitMan, delivering the unanimous judgment of the court, propounded the following principles, and adduced in their support the authorities cited:
“ By the covenant in the deed from the plaintiff to the defendant, the latter for a good consideration undertook to pay plaintiff’s debt to a third person. The defendant thereby, as between Mm and the plaintiff, became the principal debtor, and the plaintiff his surety. It is a well settled rule in equity that a suit in equity may be instituted and maintained by a surety to compel payment by the principal upon a covenant of indemnity; and, unless there be some good reason shown to the contrary, the court will decree specific performance, upon the same principle that they entertain a bill of quia twnet (2 Story Equi., sec. 880, p. 194; Marsh v. Pike, 2 Sand. Ch., 210; 10 Paige, 395).”
In principle it is impossible to distinguish the plaintiff’s right from the equity to relief established and illustrated in Mills v. Watson.
But the very point in contention has been adjudicated, and the relief here sought accorded, by the weightiest judges in the State. In Deveau v. Fowler (2 Paige Ch. R., 400), Chancellor Walworth refused to vacate the appointment of a receiver made upon precisely the facts here developed, and, in doing so, de-. dared it to be the settled rule of the court, under these circumstances, to appoint a receiver. And in the case of Davis v. Morris (36 N. Y., 574), Deveau v. Fowler was quoted against the opimon of the court. Grover, J., adverting to the case (Deveau *502 v. Fowler), does not question its authority, but, on the contrary, recognizes it, and distinguishes it from the case then sub judice.
In Smith v. Haviland (2 Paige, 401), Chancellor Jones made a similar decision upon identical facts. In the course of my reading I have been unable to find any adjudication.in hostility to* the judgment of these eminent lawyers. Upon principle, then, as well as authority, the orders should be affirmed.