## W. S. SHORT v. E. J. NOONER.

1. JUDGMENT, AND DECREE, *in Foreclosure Actions.* In this state, in the foreclosure of a mortgage on real estate made to secure a debt, no judgment barring any person's right, title, interest or equity in or to the mortgaged property should be rendered until a judgment for the sale of such property is first rendered; and the judgment barring such rights and interests should be made to operate only in connection with such sale and after such sale had been made; and no judgment for a sale of the mortgaged property can regularly be rendered until a judgment for the amount of the debt due and secured has first been rendered in favor of the holder of the debt and mortgage.

2. FINAL ORDER. The question of what is a final order, discussed, and the decision in case of *McCulloch v. Dodge,* 8 Kas. 476, approved.

3. PLEADING; PETITION; *Foreclosure of Mortgage; Statement of Interest of Defendants.* The plaintiff, Short, commenced an action against Fletcher and wife and E. J. Nooner, on a promissory note and a real-estate mortgage made to secure said note, alleging in his petition that Fletcher executed the note, that Fletcher and wife executed the mortgage, and "That the said defendant Nooner has, or claims to have some interest in or lien upon said premises as described in said mortgage-deed, but plaintiff is ignorant of the nature and extent thereof, and does not know whether the said defendant Nooner has at this time any subsisting lien upon said premises, and he demands proof of the same;" and plaintiff then prayed for a judgment against Fletcher for the amount of the note, and "for a decree" against all the defendants "for the foreclosure of said mortgage-deed, and that the premises be sold," etc. There were no other allegations in the petition against Nooner. *Held,* that said petition does not state facts sufficient to sustain or uphold any judgment against Nooner, and especially not a judgment barring *all right, title and interest* of Nooner in and to said premises. It lacks an allegation showing that Nooner's claim is *junior, or inferior,* to the mortgage-lien of the plaintiff.

*Error from Neosho District Court.*

FORECLOSURE of mortgage executed by one Fletcher and wife, to secure a note executed by Fletcher alone. The petition was filed in April 1873. *E. J. Nooner* was joined with the Fletchers as a defendant. The only allegation in the petition relating to *Nooner* is copied in full in the opinion, *infra.* At the July Term 1873 of the district court the following decree was entered:

(*Title.*) "Now comes the plaintiff, by Allen & Allen, his attorneys, and the defendants Amanda M. Fletcher and E. J. Nooner having failed to answer or demur to the petition of the plaintiff filed herein, it is thereupon considered and adjudged that said defendants Amanda M. Fletcher and E. J. Nooner be forever debarred and foreclosed of any and all right, title and interest in and to the premises or any part thereof in plaintiff's petition described, to-wit: All that part of the N.½ of the N.E.¼ of section 22, lying on the east side of Big creek, and the S.W.¼ of N.E.¼ of section 22, in township 27 south, range 19 east, in said Neosho county."

At the December Term 1873 "said action came on for trial, and was tried," (says the transcript,) and judgment was rendered against Jonas L. Fletcher for $735.58 debt, and for costs, and a decree was made that the mortgaged premises be sold, etc. An order of sale was issued, the premises advertised and sold, (plaintiff *Short* being the purchaser,) report of sale made, and, at April Term 1874, said sale was confirmed, and a sheriff's deed was executed to the purchaser. In June 1874 *Nooner* filed his motion to vacate and set aside the decree entered in July 1873. This motion, and the proceedings thereon, are sufficiently stated in the opinion, *infra.* Said decree was set aside as to *Nooner*, at the July Term 1874, and *Short* brings the case here on error.

*C. F. Hutchings*, for plaintiff in error:

1. Nooner's motion to set aside the judgment against him was served, in the language of the officer, "By leaving a true and certified copy hereof at the usual place of residence of

the within-named W. S. Short." *Constructive* notice is not sufficient. The court should have sustained ·Short's motion to set aside the service. The legislature has provided that *actual* notice shall be given. Sec. 569 of the code provides that motions of this kind shall be "upon reasonable notice to the adverse party or his attorney in the action." This is a wise provision, and the courts cannot disregard it. It was never intended that judgments upon which rights to property have been built should be set aside by *ex parte* proceedings.

2. The district court held that the petition stated no cause of action against Nooner, and for that reason the judgment rendered against him was absolutely void. The learned judge thought it was necessary for the plaintiff to set forth in his petition the *quantum* of interest, and the exact nature of the claim or lien of the defendant, and to aver that such claim or lien was *inferior* to plaintiff's lien. If such reasoning be correct, a party cannot bring an action to foreclose a mortgage and make persons having adverse *paramount* liens parties for the purpose of determining such adverse interest, unless the plaintiff will aver what he knows to be false, and where the plaintiff is not informed of the exact nature of an adverse claim he cannot have it determined. It has always been held sufficient in the courts of chancery in such cases, to aver that the plaintiff is not informed of the exact nature of a defendant's interest, and to demand a discovery and proof of the same. Swan's Prec., Form 142; 4 Paige, 85; Story's Eq. Pl. §§ 36, 37, 255; Metc. on Pl. 45; Nash's Pl., Form 18; 2 Estee's Pl. § 42, and Form 450; 16 How. Pr. Rep. 424; 32 Cal. 289; 9 N. Y. 502; 11 Ves. 296, 373.

*Stillwell & Baylies*, for defendant in error:

1. Short, by his conduct in the court below, has waived his right to complain of the rulings of that court. The record shows that after the making and entering of the order vacating the former judgment against Nooner, plaintiff entered a general appearance in the original case by taking leave to amend his petition. The case then stood as though no trial had ever

been had, or judgment rendered. It shows an election on the part of plaintiff to reform his pleading, and try the case upon such pleading when amended; and we submit that after he has thus treated the original judgment as legally vacated, and been permitted on his own motion to amend a pleading which the court has decided defective, that he will be deemed to have waived all errors, if any, in the previous rulings of the court, and the case will be treated as if there had been no trial.

2. The errors complained of are not reviewable in this court, with the case in the condition disclosed by the record. Said supposed errors do not attach to or appear upon "the record of a judgment," within the meaning of that term as used in § 542 of code. A judgment is the final determination of the rights of the parties in an action. (Code, § 395.) Hence the journal-entry showing the action of the court in sustaining the motion to vacate, cannot be a "judgment," as it is not a final determination, in any sense, of the rights of the parties in the action. This entry simply follows the motion, which is an application for an order, (code, § 532;) and an order can only be reviewed when it falls within the limits of §§ 542 and 543 of the code. *McCulloch v. Dodge*, 8 Kas. 476.

3. The judgment rendered against Nooner at the July Term 1873, was void, and should have been vacated on motion at any time. (Code, § 575.) This pretended judgment was rendered upon default. Was it his duty to make an appearance in order to protect his rights? We think it was not, for the reason that no rights of his were assailed in the petition. The petition stated no facts constituting a cause of action against him, as is required in all cases in order to entitle a party to judgment; and a judgment rendered against a party without a cause of action being alleged against him in the petition is void. *Greer v. Adams*, 6 Kas. 203; *School District v. Carson*, 10 Kas. 238.

We insist further, that the judgment vacated was not only void for want of a sufficient petition to sustain it, but for the reason also that there was no ground under plaintiff's show-

ing for such a judgment at the time it was rendered. The plaintiff's right to any judgment against defendant in error depended entirely upon the result of the suit against J. L. Fletcher. The right to relief against Nooner depended upon the question whether Fletcher was indebted to plaintiff. Fletcher's answer on file pleaded payment in full of the note to Short. Here was an issue to be tried. If Fletcher was not indebted, Short could have no interest in the mortgaged premises, the mortgage being given to secure such debt; and with no interest in the premises he could not maintain an action against Nooner.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by W. S. Short against Jonas L. Fletcher and wife, and E. J. Nooner, on a promissory note and mortgage. The petition shows that Fletcher executed the note; and that he and his wife executed the mortgage. The only allegation in the petition with respect to Nooner is as follows: "That the said defendant E. J. Nooner has or claims to have some interest in or lien upon said premises as described in said mortgage-deed, but plaintiff is ignorant of the nature and extent thereof, and does not know whether the said defendant Nooner has at this time any subsisting lien upon said premises, and he demands proof of the same." The petition then prayed for a judgment against Fletcher for the amount of the note, and "for a decree" against all the defendants "for the foreclosure of said mortgage-deed, and that the said premises be sold," etc. Fletcher answered to said petition, pleading payment; but neither of the other defendants made any appearance in the case. Afterward, the following judgment was rendered, to-wit: "That said defendants Amanda M. Fletcher and E. J. Nooner be forever debarred and foreclosed of any and all right, title, and interest in and to the premises, or any part thereof, in plaintiff's petition described." This was the only judgment rendered in the case at that term of the court, and such judgment had no connection whatever with any personal

judgment for money, or for any judgment for a sale of the mortgaged premises. It was absolute in its terms. The case was then continued as to Jonas L. Fletcher, and afterward, and at the next term of the court, a personal judgment was rendered in favor of Short and against Fletcher for the amount of said note, and that the mortgaged property be sold to satisfy said judgment. Afterward, Nooner filed a motion to set aside the judgment rendered against him. When the motion came on to be heard plaintiff Short appeared specially and objected to the service of the notice of the motion on him, and moved the court to set such motion aside. The court however overruled his objection and motion, and the plaintiff excepted. And Nooner's motion again coming on to be heard, both of the parties *made a general appearance,* "*the plaintiff Short in person and by his attorney C. F. Hutchings;* and said motion was duly heard, and argued by counsel; in consideration of the premises, and the evidence submitted, the court does [did] sustain the motion of said defendant Nooner;" and the plaintiff again excepted. The plaintiff then asked leave of the court to amend his petition, which was granted. Here was another general appearance by the plaintiff. Time was given to the plaintiff in which to make such amendment, and time was also given to the defendant Nooner in which to answer to the amended petition. This case for the supreme court was immediately made, and settled and signed while the action was still pending in the court below in the exact condition above specified.

It was evidently irregular and erroneous to render a judgment against Nooner at the time said judgment was so rendered against him; and this would be so even if the allegations of the plaintiff's petition were considered sufficient in every respect. In this state, in the foreclosure of a mortgage on real estate made to secure a debt, no judgment barring any person's right, title, interest or equity in or to the mortgaged property should be rendered until a judgment for the sale of such property has first been rendered; and the judgment barring such rights and interests should be made to operate only

in connection with such sale and after such sale has been made; and no judgment for the sale of the mortgaged property can regularly be rendered until a judgment for the amount of the debt due and secured has first been rendered in favor of the holder of the note and mortgage. The judgment rendered against Nooner was not a contingent judgment, depending for finality upon some other action or event to take place in the future. It was absolute in its terms, and barred Nooner of all right to the property, whatever that right might be, and whatever might take place in the future. The court below may have set aside said judgment merely because it was rendered before it properly could be rendered. If so, then the order setting the judgment aside was not a final order, and cannot at this time be reviewed by this court. (*McCulloch v. Dodge*, 8 Kas. 476.) But it is claimed by plaintiff in error that the court below set said judgment aside principally upon the ground that the plaintiff's petition did not state facts sufficient to constitute a cause of action against Nooner; that the petition was so defective that it could not sustain or uphold any judgment as against Nooner; and plaintiff in error therefore claims, that the order setting aside said judgment is final; that it in effect determines the action as between himself and Nooner, and prevents any judgment from being rendered between them; and he therefore claims that the action of the court is reviewable at this time. (Code, §§ 542, 543.) He claims that his right to have the same reviewed was complete as soon as the judgment was set aside, and before he asked leave to amend his petition, and that he did not waive or suspend such right by asking and obtaining such leave. But passing over all these preliminary questions, we think the decision of the court below upon the main question, and upon the merits of the case, was correct. We have already quoted all the allegations of the petition that are supposed to state any cause of action as against Nooner, and we do not think they state any such cause of action. What did Nooner admit by his default, by not answering to said petition? He merely ad-

mitted the truth of the allegations therein contained — nothing more, and nothing less. He admitted that he "Nooner has or claims to have some interest in or lien upon said premises as described in said mortgage-deed;" that "plaintiff is ignorant of the nature and extent thereof, and does not know whether Nooner has at this time any subsisting lien upon said premises, and he [plaintiff] demands proof of the same." These allegations are certainly not sufficient to sustain or uphold any judgment. The usual allegations in cases of this kind are substantially as follows: "That the defendant G. H. has or claims some interest in or lien upon the said real property; but the same, whatever it may be, *is subject to the lien of the said mortgage.*" This form is taken from 2 Estee's Pleadings and Forms, 265, No. 450. See also, Miller's Pl. & Pr. 610, No. 208; 5 Wait's Pr. 199; 1 Nash Pl. & Pr. (4 ed.) 737, No. 5; 2 Van Santvoord's Pl. (2 ed.) No. 55; 2 Monell's Pr. 390, No. 147; Curtis' Eq. Prac. 59 to 62, Nos. 18 and 19. This form of pleading, or of allegation, in this particular class of cases, (as above quoted from 2 Estee's Pl. & Forms,) has been held to be sufficient; (*Drury v. Clark*, 16 How. Pr. 424; *Frost v. Koon*, 30 N. Y. 428, 448;) and we think it is sufficient. But the form adopted by the plaintiff below we think has never been held to be sufficient by any court, and we do not think that it is sufficient. And we do not think that such a form ever was sufficient in any case, either in law or equity. Every word of the plaintiff's petition may have been true, and yet Nooner may have been the absolute owner of the property in controversy, holding the same free and clear from all incumbrances. There is no allegation in the petition that Fletcher, the mortgagor, ever owned or had any interest in the property. And Nooner claims that he himself is the owner thereof. There should have been some allegation in the petition showing that Nooner's claim to the property was *junior, or inferior,* to the mortgage-lien of the plaintiff. And it will be noticed that the said judgment against Nooner was not a judgment barring only such rights and interests of Nooner as were *sub-*

*sequent to the mortgage-lien,* but it was a judgment that barred all of Nooner's rights and interests in and to the property.

In connection with this subject, and as to who are proper parties in foreclosure suits, and as to what defendants confess by a default in such suits, see *Frost v. Koon,* supra; *Lewis v. Smith,* 9 N. Y. 502; same case, 11 Barb. 152. The form given by Judge Swan in his work on Pleading and Precedents (No. 142, page 416,) we think is hardly sufficient.

Counsel for plaintiff in error has made a point in this court, as well as in the court below, that the service of the notice of. the motion to set aside said judgment was not sufficient. We suppose it is not necessary to say anything further upon this question.

The order of the court below setting aside said judgment will be affirmed.

All the Justices concurring.