THE HOMŒOPATHIC MUTUAL LIFE INSURANCE COMPANY, APPELLANTS, *v.* SIDNEY A. SIXBURY AND OTHERS, RESPONDENTS.

*Failure of a plaintiff in foreclosure to refer to a second mortgage held by him — effect thereof—requirement that the purchaser shall take subject thereto — renders the sale irregular.*

In this action, brought by the plaintiff to foreclose a mortgage, a judgment in the usual form was entered directing a sale of the premises by the sheriff. The plaintiff at the time of bringing the action was, and still is, the owner of a second mortgage upon an undivided one-half interest in the same premises described in the first mortgage ; no reference thereto was made in the complaint or judgment ; upon the sale the plaintiff's agent required all bids to be made with reference to the terms of sale by which the purchase was to be made subject to the said second mortgage owned by the plaintiff.
*Held,* that this was an irregularity which justified an order setting aside the sale.

APPEAL from an order made at Special Term, setting aside a sale under a judgment of foreclosure, entered in the above entitled action.

*Wm Henry Arnoux,* for the appellants. The Mills mortgage was not cut off by the foreclosure. (*Reynolds* v. *Park*, 53 N. Y., 36, 41; *Gage* v. *Brewster*, 31 id., 215; *Brainerd* v. *Cooper*, 10 id., 356; *Root* v. *Wheeler*, 12 Abb., 294; *Harries* v. *Beach*, 3 Johns. Ch., 459; *Draper* v. *Clarendon*, 2 Vern., 517; *Godfrey* v. *Chadwell*, 2 id., 601; *Moret* v. *Westerne*, 2 id., 663; *Hobart* v. *Abbott*, 2 P. Wms., 643; *Palk* v. *Clinton*, 12 Ves., 48, 59; *Bishop of Winchester* v. *Beaver*, 3 id., 314; *S. C.*, 11 id., 197; *Sherman* v. *Cox*, 3 Ch. Rep., 46; *Gore* v. *Stackpoole*, 1 Dow [H. of L.], 31; *Benedict* v. *Gilman*, 4 Paige, 58; *Bloomer* v. *Sturges*, 58 N. Y., 168, 175, per JOHNSON, J.; *Johnson* v. *Curr-*

*dage*, 31 Me., 18; *Doe* v. *McLoskey*, 1 Ala., 708.) Being held by the plaintiff, the Mills mortgage could not be cut off unless the plaintiff had set it forth in the complaint. The court otherwise would not have jurisdiction of the subject-matter of such mortgage. (*Lewis* v. *Smith*, 9 N. Y., 502; *Bailey* v. *Ryder*, 10 id., 363; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 588, 592; *Frost* v. *Koon*, 30 N. Y., 446; *Kelsey* v. *Western*, 2 N. Y., 500, 506, 507; *Approved Peck* v. *Mallams*, 10 N. Y., 548; *Ferguson* v. *Ferguson*, 2 id., 360; *Crockett* v. *Lee*, 7 Wheat., 522; *In the Matter of Howe*, 1 Paige, 125.) Or unless some defendant should bring the matter in by way of answer. If subsequent incumbrances are not stated in the complaint, and the holders thereof are not made parties, it is a defect which any of the defendants may set up in their answer. (New Code, § 498; *Haines* v. *Hollister*, 64 N. Y., 1, 4.) If such an objection is not taken by answer, the defendant is deemed to have waived it. (New Code, § 499; *Zabriskie* v. *Smith*, 13 N. Y., 332 [see p. 336]; *Potter* v. *Ellice*, 48 id., 321; *Tower* v. *White*, 10 Paige, 395.) In the absence of an answer, the plaintiff can have no relief not supported by his statements in the complaint, and demanded by his prayer for relief. (*Simonson* v. *Blake*, 12 Abb. Pr., 331; *Bailey* v. *Ryder*, 10 N. Y., 363; *Lewis* v. *Smith*, 9 id., 502.)

*C. E. Stevens*, for the respondents.

TALCOTT, P. J.:

This is an appeal from an order made at the Special Term in Lewis county, setting aside a foreclosure sale. The mortgage foreclosed bears date on the 9th day of December, 1865, and was made by the defendants, Sidney A. Sixbury and Samuel E. Skinner, to John O'Donnell, and came to the hands of the plaintiff by virtue of sundry mesne assignments. It covers a three story brick store in the village of Lowville, in said county of Lewis, which is shown to be worth the sum of $5,000. Sixbury and Skinner were the owners in fee of the mortgaged premises at the date of the mortgage. The principal sum secured by the mortgage had been reduced by payment before the foreclosure to $2,500. Subsequent to the giving of the mortgage, Sixbury and

Skinner conveyed the premises to Ezra W. Stanford and Charles C. Lamphere. Lamphere, in May, 1870, conveyed his undivided half of the premises to George R. Mills, who executed back to said Lamphere a mortgage on the said undivided half interest to secure the purchase-money for $2,125. Ezra W. Stanford mortgaged his undivided half interest to James H. Stanford for $1,900.

It seems that the plaintiff, at the time of the commencement of the foreclosure suit, had become the owner of the mortgage given by George R. Mills to Charles C. Lamphere, upon the undivided half of the premises purchased of said Lamphere by Mills. The complaint in the foreclosure case, however, did not set up the said Mills mortgage and contained no allusion thereto, but was a complaint in the ordinary form for the foreclosure of the mortgage of Sixbury and Skinner. None of the defendants put in any answer, and on the 26th of February, 1878, a judgment of foreclosure was entered in the ordinary form on the Sixbury and Skinner mortgage. The premises were ordered to be sold by the sheriff of Lewis county, and out of the moneys arising from the sale, he was ordered, after deducting the fees and expenses of sale and any liens for taxes or assessments, to pay over to the plaintiff the amount reported due on the said bond and mortgage ($2,537.42) and the plaintiff's costs ($340.04), and that he deposit the surplus, if any, with the treasurer of Lewis county to the credit of the action. The sheriff of Lewis county advertised the premises to be sold in pursuance of the judgment, on the 12th day of April, 1878. The advertisement of sale was in the ordinary form and contained no reference to the Mills mortgage or any other incumbrance than the Sixbury and Skinner mortgage. At the day and place of sale, the plaintiff, by their agent, appeared, and sundry parties interested in the premises also appeared, and the agent of the plaintiff produced a certain writing purporting to be the terms and conditions of the sale of the said premises, stating, among other things, that "the property is sold subject to a mortgage amounting to the sum of $2,125, on an undivided half interest in the property, with interest on the said sum from May 21, 1877, and which said mortgage is over due." And the agent of the plaintiff required the per-

sons bidding to subscribe to the said terms of sale, and stated that if any bidder refused to subscribe to the said terms of sale, his bid would be rejected, and the property would be put up again and be sold to a bidder who would sign the terms of sale. The persons other than the plaintiff's agent, who appeared to bid at said sale, appeared to have been taken by surprise at the condition that the property was to be sold subject to the second mortgage, and protested against such condition, and endeavored to procure the agent of the plaintiff to consent to an adjournment of the sale; and Miles H. Bronson, who held a conveyance of Ezra W. Stanford's interest in the premises, given to him for the purpose of enabling him to protect the interest of said Ezra W. Stanford on such sale, by his counsel appeared at the sale and asked an adjournment thereof for five days, in order to examine the law on this subject, it being claimed by said Bronson and Stanford that the judgment gave no authority for selling the said premises subject to the said second mortgage.

The sale was adjourned for thirty minutes, after the expiration of which time the sale was reopened. The plaintiff's agent bid, in plaintiff's behalf, $2,945, being the amount of the judgment, interest and costs, and expenses of the sale. Bronson then bid $3,000. The plaintiff's agent then asked Bronson if that bid was subject to the second mortgage. Bronson then said, you have no right to impose those conditions, and refused to bid on those conditions. E. W. Stanford then bid $3,000, and it was struck off to him ; but he refused to sign the conditions on account of what was stated therein in reference to the second mortgage. The sheriff then put up the property again, on the original bid of the plaintiff's agent, and it was struck off to the plaintiff on that bid, and the agent immediately obtained the sheriff's deed. It appears also that Sixbury, one of the mortgagors, attended the sale for the purpose of bidding, but was prevented from bidding by the terms of sale, which made the sale subject to the lien of the Mills mortgage. Sixbury swears that he would have bidden a larger sum than $3,000 for the premises, but was unwilling to bid at all subject to the said second mortgage.

We are of opinion that the requisition in the terms of sale, that the sale should be subject to the Mills mortgage, was unauthorized,

and rendered the sale irregular, and that the Special Term was fully justified in setting it aside for irregularity.  The practice of the court requires that the complainant, in his bill, should set out all his claims upon the mortgaged property, and have the same in that suit duly litigated and disposed of by the decree, and that if he omits to set out any incumbrance which he holds upon the premises junior to the mortgage described in the bill, such junior incumbrance will be cut off by a sale on a decree foreclosing the first mortgage, and making no allusion to any further incumbrance.  (*Tower* v. *White,* 10 Paige, 395; *Roosevelt* v. *Ellithorp,* id., 415; *Wheeler* v. *Van Kuren,* 1 Barb. Ch., 490.)  As a general rule a foreclosure bars the claims of all persons having liens subsequent to the mortgage foreclosed, who were *parties* to the suit. The complainant was a *party*, and if he omitted to set up the claim upon the Mills mortgage, the neglect was his own, and cannot be remedied by undertaking to impose a condition on the judgment of foreclosure and sale, for which the judgment itself gives no warrant.

True, a foreclosure and sale upon a prior mortgage does not affect the lien of a subsequent mortgage held by a third party not a party to the suit, and the purchase at such a sale takes title only as against the parties to the suit.  This is because the owner of the subsequent incumbrance, not being a party to the suit, has had no opportunity of setting up his claims, nor has he had his day in court.  In this case the plaintiff was a *party* to the suit, and might have set for all his claims.

It is not necessary to consider in this case what effect, if any, the omission of the plaintiff to set out the Mills mortgage, and its claims thereto, may have upon any claim to share in an equitable distribution of the surplus moneys which may be produced by a sale of the premises, nor whether the plaintiff may not, by leave to be obtained from the court, abandon its present judgment and amend its complaint.

We think the order in the particulars complained of was proper. Order appealed from affirmed, with $10 costs and disbursements.

SMITH, J., concurred ; HARDIN, J., not sitting.

Ordered accordingly.