## CARPENTER V. INGALLS.

1. In an equitable action to foreclose a real estate mortgage the owner of the equity of redemption is the only necessary party defendant.
2. In such action against a sole defendant, not the maker of the note and mortgage, a complaint which, after the usual allegation as to the making of such note and mortgage, alleges against the sole defendant that he has or claims to have some interest in or lien upon the mortgaged premises, which interest or lien is inferior and subordinate to the mortgage, is not demurrable on the ground of defect of parties defendant, in that the makers of the note and mortgage are not joined as defendants.
3. Such complaint does not show upon its face that such sole defendant is not the owner of the equity of redemption; the general allegation that he has an interest in the mortgaged premises being broad enough to cover such ownership.

(Syllabus by the Court. Opinion filed April 5, 1892.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Equitable action to foreclose a mortgage. Defendant demurred to complaint. Overruled. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Wynn & Nock*, for appellant.

The holder of the legal title should be made a party to the action to foreclose. Pom. Rem. & Rem. Rights, §§ 330, 334 and 336; 3 Waits, Act. & Def. 417; Valentine v. Ruea Nelson. 14 How. Pr.. 32; Kay v. Whittaker, 44 N. Y. 572; Watson v. Spence, 20 Wend. 260; Reed v. Marble, 10 Paige, Ch. 400; Boggs v, Hargrave, 16 Cal. 564; Burton v. Lies, 21 Cal. 91; Insurance Co. v. Brown, 11 Mich. 273; Lenox v. Reed, 12 Kan. 228; Harvey v. Thornton, 14 Ill. 217.

*McMartin & Carland*, for respondent.

The maker of a note and mortgage having conveyed his interest in the mortgaged premises prior to commencement of foreclosure action is not a necessary party. Stevens v. Campbell, 21 Ind. 472; Stewart v. Hutchinson, 20 How. Pr. 182; Van Nest v. Latson, 19 Barb. 607; Wright v. Eaves, 10 Rich. Eq. 594; Mims v. Mims, 35 Ala. 25; Vreeland v. Laubat, 1 Green's Ch. 104; Gower v. Howe, 20 Ind. 397; Grant v. Ludlow, 8 Ohio St. 9; Lennon v. Porter, 2 Gray, 475; Jones, Mort. § 1402; Delaplaine v. Lewis, 19 Wis. 500.

S. D.—4.

Before a defendant can demur for defect of parties it must appear that he has an interest in having such other party made a defendant. 2 Estee's Pl. 379; 14 How. Pr. 460; 14 Abb. Pr. 80; 30 How. Pr. 271.

KELLAM, P. J.    This was an equitable action to foreclose a mortgage, and was against James L. Ingalls as sole defendant. The complaint alleges that William H. and Abbie C. Ingalls made a note to plaintiff's assignor, and to secure its payment made and delivered to him a mortgage upon real estate thereinafter described, and continues with the further usual allegations of a complaint in the foreclosure of a mortgage. Among other things, it is alleged that the defendant has, or claims to have, some interest in or lien upon the mortgaged premises, and that the same, if any exist, accrued subsequently to the lien of the mortgage. The defendant (appellant) demurred to the complaint upon the ground that there was a defect of parties defendant, in that William H. and Abbie C. Ingalls, who executed the note and mortgage, were not made parties defendant. The demurrer was overruled, and the defendant appeals. The argument of the demurrant is that the holder of the equity of redemption was a necessary party defendant; that the complaint, by fair construction, shows that the mortgagors were still such holders, for it nowhere suggests any change in the ownership of the mortgaged property or in the mortgagor's relation to it; and that the defendant is only mentioned as a party claiming some interest in or lien upon the mortgaged premises. The object of the equitable action of foreclosure is, of course, to cut off the right to redeem the property mortgaged from the claim of the mortgage. By the statute there may be united with this equitable proceeding a claim for a personal judgment for any deficiency that may remain after the proceeds of a sale have been applied towards the payment of the mortgage debt, against whomsoever may be legally liable to pay such deficiency. Until foreclosure, there is an equitable right to redeem in the mortgagor, or in the person to whom he may have transferred such right. Such transfer is usually made by a conveyance of the legal title. The primary object of the action being to extinguish this right to redeem, the party who holds such right is always a necessary party

defendant, for it is against his interest that the relief is sought, and he would ordinarily be the only strictly necessary defendant. Upon this proposition there is no disagreement. The ground of demurrer is the defect of parties defendant. To be demurrable, the complaint must itself show this defect. It must show that James L. Ingalls is not the holder of the equity of redemption, and consequently not the only necessary party defendant. Suppose, in this case, the fact to have been that, prior to the commencement of this action, the mortgagors had conveyed the mortgaged premises to this defendant, so that he was, at the commencement of the action, the sole owner of the equity of redemption, but that the plaintiff, desiring a personal judgment for deficiency against William H. and Abbie C. Ingalls, the makers of the note, had also made them parties defendant for that purpose, what allegation would his complaint have contained against defendant James L. Ingalls, whose equity he sought to foreclose? Probably, and almost certainly, nothing but the one contained in this complaint, to-wit, that he claims some interest in or a lien upon the mortgaged premises, etc.; for that is the allegation in constant use in respect to all defendants whose interests are recognized, but claimed to be subordinate to the mortgage, and against whom no personal claim is made. It has been often held that this general allegation is sufficient without more particularly defining the character or extent of such interest, and in many of these cases this general allegation has been directed against and recognized as covering the interest of the subsequent purchaser and owner of the equity of redemption. Hoes v. Boyer, 108 Ind. 496, 9 N. E. Rep. 427; Anthony v. Nye, 30 Cal. 401; Dexter v. Long, (Wash.) 27 Pac. Rep. 271; Drury v. Clark, 16 How. Pr. 424; Short v. Nooner, 16 Kan. 220. But the object of making James L. Ingalls a party defendant is the same in both cases, to-wit, to cut off his right to redeem. If, in the supposed case, the allegation that he claimed an interest in the property might mean that he was the subsequent purchaser and owner, why may it not mean the same in this case? If it does so mean, then there was no defect of parties defendant, for in such case he was the only necessary defendant. We do not think the complaint shows upon its face that any other person is a

necessary defendant, because its allegations are entirely consistent with this sole defendant being the owner of the mortgaged premises, and the only person having a right to redeem the same; in which case he would be the only necessary defendant. In other words, the only strictly necessary party defendant is the owner of the equity of redemption; and the complaint does not shows that defendant is not such owner. If it should transpire on the trial that he was only a subsequent lienholder, the plaintiff's action would fail; if, on the other hand, he proves to be the owner of the premises, it would not fail; and, because the complaint is quite consistent with the conditions under which there would be no failure on account of defect of parties defendant, it is not demurrable on that ground. The order of the circuit court overruling the demurrer is affirmed.

All the judges concur.