ALBANY,
Feb. 1832.

The People
v.
Hoffman.

Motion granted without costs.

---

THE PEOPLE, on the relation of B. H. Bailey, *vs.* M. HOFF-MAN, first judge of Herkimer Common Pleas.

An *infant* defendant cannot be required to procure the appointment of a *guardian*, when the suit is commenced against him by *declaration*.

MOTION for a mandamus. A suit was commenced by the relator in the common pleas of Herkimer, against J. & H. Miller, by the filing and service of a *declaration*. J. Miller appeared and pleaded, H. Miller did not appear, and on proof being made that he was an *infant*, within the age of 21 years, an order was granted by the first judge of Herkimer, on the application of the plaintiff, for the defendant to shew cause in 10 days, why a *guardian* should not be appointed to appear and defend for him. In pursuance of this order, he appeared by counsel, and insisted, that not having been arrested on process, he could not be compelled to procure the appointment of a guardian, and denied the power of the judge to appoint a guardian for him, on the application of the plaintiff. The judge allowed the objection, and refused to appoint a guardian, and application is now made to this court for a *mandamus*, directing him to make the appointment.

*C. Gray*, for relator.

*L. Ford*, contra.

*By the Court*, SAVAGE, C. J. The proceeding by *declaration* is inapplicable in a suit against an *infant*. Where a suit is commenced by declaration, the statute allows, on proof of its personal service on the defendant, that his appearance may be

VOL. VII.                    62

entered by the clerk of the court, in the same manner as if he had endorsed his appearance on a *capias ;* and his default may be entered for not pleading, and the same proceedings had against him, in all respects, as if he had appeared. 2 R. S. 347, § 2. This provision cannot apply to an *infant,* for where he endorses his appearance on a *capias,* it cannot legally be entered by the clerk; it is applicable, therefore, only to *adult* defendants. According to the course and practice of the courts, an *infant* defendant, who has been *arrested,* or *served with process,* may be compelled to procure the appointment of a guardian, or a guardian may be appointed for him ; but no provision is made for such proceeding where the suit is commenced by the service of a declaration. Besides, it would seem that the legislature contemplated that the suit against an *infant* should be by *process,* for they have provided for the appointment of a guardian, in such case, by giving the infant 20 days after the return day of the *process by which he was arrested,* to procure the appointment of a guardian to defend the suit, and only on his neglect, authorizing the plaintiff to apply. 2 R. S. 447, § 10, 11. The judge, therefore, was right in refusing to make the appointment, and the motion is denied.