### Minor and others *vs.* Betts and others.

Under the provisions of the act of 1833, authorizing the appointment of the registers and clerks guardians *ad litem* of infant defendants, in partition suits, the court of chancery may appoint the register, or clerk, guardian *ad litem* of an infant defendant who is an absentee, without security ; and without any notice of the application to the infant, except the general notice for the absentee to appear and answer.

No one but a register or clerk can be appointed the guardian of an infant defendant, in a partition suit, without giving security for the faithful performance of his trust.

This was an application to appoint the register of this court guardian ad litem of infant defendants in a partition suit; the infants living out of the state and having been proceeded against by advertising under the statute.

1839.

Minor
v.
Betts.

July 2.

*J. Rhoades*, for the complainants.

THE CHANCELLOR. The only question in this case is, as to the power of the court to appoint the register guardian ad litem of an infant defendant, in a partition suit, without security, under the provisions of the act of 1833, when the infant resides out of the state, so that notice of the application cannot be given to him, or to his general guardian, as required by that act. There is no doubt as to the power of the court to appoint any of its officers the guardian ad litem in such a case, although no one but a register, or clerk, who has given security for the performance of his official duties generally, can be such guardian ad litem, even for an absentee, without giving security to the infant as required by the fourth section of the title of the revised statutes relative to the partition of lands. (2 *R. S.* 317.) But as the statute has, in express terms, authorized the court to appoint the register or a clerk such guardian, and to dispense with the security required in other cases, I think it will be most conformable with the intent of the legislature to make the appointment of one of these officers; and without notice to the infant who resides out of the state, except the general notice to appear and answer, which has been duly published, as required by law.

The register, therefore, is appointed the guardian ad litem of the infant defendants, according to the prayer of the complainant's petition.