By the Court. Bosworth, J.
This was an action for the partition of real estate, situate in the city of New York.
The real estate was sold in parcels, pursuant to a judgment in the action. W. H. Paine bought certain lots at the sale, and now appeals from an order made at special term, directing him to complete his purchase.
The purchaser objects, that the proceedings and sale are ineffectual to vest in him the title to the lots purchased, on the grounds:—
1. That the summons was not served on the minors, George W. Varían and Letitia Varian, personally, and that, therefore, the appointment of a guardian ad litem,, for them, was coram non judice, and void.
2. That while the summons and complaint described one of the defendants as “Letitia Varian,” the petition for the appointment of guardian was signed “ T. Letitia Varian.”
The action being for the partition of real estate, situate in the city and county of New York, this court has jurisdiction of it, irrespective of the residence of the parties interested (Code, § 123, sub. 2, and § 33, sub. 1).
Jurisdiction over the person may be acquired in two modes : First, by the service of a summons on the defendant, whether an adult or a minor, if over fourteen years of age (Code, § 134, sub. 4). Second, by the voluntary appearance of the defendant, which is declared by the Code to be “ equivalent to personal service of the summons upon him” (Code, § 139).
The two minors were severally over the age of fourteen years, and appeared, and put in an answer, by their guardian ad litem, appointed by an order made in the action on their own petition. The guardian ad litem was their general guardian.
They, therefore, appeared properly, and the only question on this branch of the case is, was the appointment of the guardian valid ?
It is objected to the appointment, that the court had no juris *637 diction to make it, unless a summons had been first personally served on the infants, and upon proof of that fact—notwithstanding the infants themselves petitioned to have the appointment made.
To this, it may be answered, that no case or statutory provision has been cited, which sustains this point.
The People v. Hoffman, Judge of Herkimer Common Pleas (7 Wend. 489), only decides that, in an action at law, against an infant, commenced by the service of a declaration, the infant could not be required to appoint a guardian ad litem, and that the plaintiff could not procure one to be appointed, on the infant’s default. That decision was under the statute relative to such appointments, in actions at law, against infants, which authorizes one to be made, on the motion of the plaintiff, only in the event, that the “infant defendant neglects, for twenty days after the return day of the process by which he was arrested, to procure the appointment of a guardian to defend the suit” (2 R. S. 446, §§ 8, 10).
The case of Grant & wife v. Van Schoonhoven et al. (9 Paige, 255) relates to the appointment of a guardian made by a Master in Chancery, under the 146th rule of the late Court of Chancery, and not one made by the court itself.
That decision has no application to this case. The 146th rule, like the 100th equity rule, established in July, 1847, and the 57th rule of the Supreme Court, adopted in August, 1849, prohibited the appointment, under it, of a guardian ad Utem, in a partition suit.
The appointment of a guardian ad litem, in a partition suit, is regulated by the Revised Statutes, in relation to the partition of lands, and must be made by the court (2 R. S. 317, § 2).
Those statutes allow guardians ad Utem to be appointed for infant defendants, on ten days’ notice to them, or to their general guardians, whether the minors reside in or out of the state, and, of course, whether they have or have not been served with process (Laws of 1833, p. 311, § 1).
Prior to the Code, the Court of Chancery, under these statutes, even in ease of infants residing out of the state, so that no notice could be given to them or to their general guardian, *638 appointed the registrar, or a clerk of the court, their guardian ad litem, to defend the suit (Minor et al. v. Betts et al., 7 Paige, 596).
In Concklin & others v. Hall & outers (2 Barb. Ch. E. 137), the purchaser at a foreclosure sale was compelled to complete his purchase, notwithstanding there were infant defendants, for whom a guardian ad Utem had been appointed, on the application of the plaintiff, by a peremptory order, instead of the usual order, that the person named be appointed guardian, unless the defendant, within ten days after the service of the order, should procure the appointment of another person: The court held, that the appointment was regular, so far at least as to protect the purchaser under the decree, and that there was no unbending rule of practice on the subject. (See Smith v. Bradly, 6 Smedes & Marsh. 485; Nelson v. Moon, 3 McLean, 319.)
The Code provides (§ 134, sub. 4), that in a suit against an infant defendant over 14 years of age, the summons must be served on him personally. But the service of the summons on him is of no possible consequence, except to hasten the period within which the plaintiff may procure a guardian to be appointed for him, if he neglects to apply himself (id. § 116, sub. 2); as no further proceedings can be taken against him until such a guardian is appointed.
Section 116 does not make it a condition to the infant’s right to apply, that he shall have been previously served with a summons. Such an act cannot add to his capacity or improve his discretion. The only effect of the section is, to deprive him of the right to apply, unless he makes the application within twenty days after the service of the summons; and unless, after that time, no application has been made by the plaintiff (Vide McConnell v. Adams, 3 Sand. Sup. C. R., p. 72).
In this ease the action had been commenced ; infants were parties. They were of an age which authorized them to apply, under the statute, for the appointment of a guardian. They did so apply; and, on their application, their general guardian was appointed.
The guardian ad Utem having been appointed, having con- *639 seated to act, and having given the requisite security, it was not only his right, but his duty, to appear and defend the action, and he did so.
His appearance for the infants, after being thus appointed, was as regular and valid, as that of a retained attorney for an adult (2 R. S. 317, §§ 3, 36, 81, 89).
■ The objection, that one of the infants was named in the summons and complaint as “Letitia Varían,” while she was described in the petition for the guardian ad litem, as “ T. Letitia Varían,” is one which § 176 of the Code requires us to disregard. It is not pretended that neither was her true name, and if either was, the defect was cured by the Statute of Amendments (2 R. S. 425, § 7, sub. 10).
As to the objection, that it does not appear that any proof was furnished to the court, that their signatures to the petition were genuine, it is enough to say, that it does not appear that such proof was not furnished, and that there is now no pretence that they are not in fact genuine.
We all concur in the opinion, that there is nothing in any of the objections presented, which can throw any doubt upon the title acquired by Hr. Paine, to the lots purchased by him, and that the order appealed from should be affirmed, with costs.