# SUPREME COURT.

HANNAH E. THISTLE *et al.* agt. EDWARD THISTLE *et al.*

*Non-resident infant defendant — Summons how served — Effect of voluntary appearance — Effect of insertion of the words " by pulication" instead of the words " without the state of New York" in notice indorsed upon summons—Bond of guardian ad litem of infant defendant, to whom to be made— Code of Civil Procedure, sections 440, 443, 1536.*

The bond of a guardian *ad litem* of an infant defendant in partition may be made direct to the infant instead of to the people of the state, provided the order appointing the guardian so direct (*Sec.* 1596, *Code*).

Service of a summons upon a non-resident infant defendant in partition not necessary, provided the infant voluntarily appear in the action by its guardian *ad litem* (*Sec.* 440, *Code, construed*).

The insertion of the words "by publication" instead of the words "without the state of New York," in the notice indorsed upon the summons served personally without the state, under an order of publication, is not a valid objection to title — it is not jurisdictional (*Sec.* 443, *Code*).

*N. Y. Chambers, February,* 1884.

THE action was brought for the partition and sale of certain real estate situate in the city of New York. One of the defendants is an infant of the age of two years and a non-resident of the state. Service of the summons was made upon said infant personally without the state under an order of publication. Said infant appeared in the action by a guardian *ad litem*, duly appointed, and answered the complaint.

Thistle *et al.* agt. Thistle *et al.*

The premises were sold in three parcels, January 8, 1884, for $30,850. The purchasers objected to the title and moved to vacate the judgment of sale, and that they be discharged, &c., on the following grounds, viz. :

1. That the bond of the guardian *ad litem* of one of the infant defendants was defective, in that said bond was given to the infant instead of to the people of the state of New York.

2. That under section 440 of the Code personal service could not be made without the State under an order of publication upon an infant under the age of fourteen years.

3. That the notice indorsed upon the summons served upon said infant was not the notice required by section 443 of the Code.

*Shaw & Clark,* for plaintiff.

*John Hardy, Thomas H. Cook* and *Richard J. Lewis,* for purchasers.

Donohue, J — The sole object of service is to procure the the appearance of the party. Where, as in this case, the infant has, on the application of its own voluntary representation appeared, that is sufficient ; the intent of the case being that the infant should have its day in court, and the infant has had it here. How the service was made is of no importance, as the appearance is not dependent on that.

Objections overruled and motion to be discharged denied, with ten dollars costs.