NEW YORK COUNTY.— HON. D. G. ROLLINS, SURRO-
GATE.—March, 1885.

PRICE *v.* FENN.

*In the matter of the estate of* JOHN D. FENN, *deceased.*

In a special proceeding instituted for the disposition of decedent's real
property for the payment of his debts, the citation having been duly
served upon certain infants, interested in the estate, who were under
the age of fourteen years and resided within the State of New York,

and a special guardian having been, before the hearing, appointed for each, upon his parent's application, without the notice to the infant required by Code Civ. Pro., § 2531, the purchasers at the sale under the Surrogate's decree objected to the title upon the ground of the omission of such notice.—

*Held*, under Code Civ. Pro., § 2784, subd. 1, that the omission in question was not of such a character as that it "would affect the title of a purchaser at a sale made pursuant to the directions contained in a judgment rendered by the Supreme Court in an action," and that the objection taken must be overruled.

It is the proper practice, in proceedings in a Surrogate's court to which an infant is a party, where no application is made, upon the return of the citation, for the appointment of a special guardian, for the Surrogate to appoint such a guardian upon his own motion.

The practice of inserting, in citations to infants, a clause advising them that, in the event of their not appearing by general guardian, and failing to ask for the appointment of a special guardian, a special guardian will, upon the return of the citation, be appointed by the Surrogate—commended.

SARAH FENN, widow and sole executrix of the will of decedent, having instituted a special proceeding for the disposition of his real property, for the payment of his debts, James K. Price, and another, two of the purchasers at the sale had in the proceeding, declined to take title, upon grounds stated in the opinion.   Thereupon an order was granted directing those purchasers to show cause why they should not be compelled to complete their purchase, or said property be sold at their risk and expense; and, after a hearing, it was "ordered, adjudged and decreed that" said purchasers "complete the purchase of the property so purchased by them at the freeholder's sale herein, in accordance with the terms of sale signed by them at the time of such sale, by paying the balance of the purchase money of said premises to said freeholder, but without interest or costs, and accepting his deed of said premises.

W. R. BROWN, *and* C. R. WATERBURY, *for freeholder.*

F. SMYTH, *for purchasers.*

THE SURROGATE.—In the course of the proceedings looking to the disposition of this decedent's real property for the payment of his debts, certain of such property has been sold pursuant to a decree of the Surrogate. The purchasers refuse to take title, upon the ground that five infants interested in the estate have not been properly represented in the proceedings. These infants are severally under the age of fourteen years, and reside within the State of New York. Each of them was duly served with a citation, and, before the hearing of the application for the sale of the property in question, there was appointed for each a special guardian, who seems to have protected the interests committed to his care. It is claimed, in behalf of the purchasers (no persons else joining in the contention), that the order appointing the special guardian of these infants is of no effect, inasmuch as his appointment was, in each instance, made upon the application of a person other than the infant (to wit, the father of the infant), without personal service upon the infant of a notice that such application would be made.

Section 2531 of the Code of Civil Procedure declares that, "where a person other than the infant applies for the appointment of a special guardian, at least eight days' notice of the application must be personally served upon the infant, if he is within the State, in like manner as a citation is required by law to be served." Does the fact that the notice, for

which this section provides, was not given in the case at bar afford a sufficient excuse to these objectors for refusing to accept title to the premises that they have purchased ?

Section 2530 of the Code declares that, " where an infant does not appear by his general guardian . . . . . the Surrogate must appoint a competent and responsible person to appear as special guardian." Neither that section nor any other statutory provision limits the authority of the Surrogate, in making such an appointment, to cases in which an application for such appointment has been previously made, or declares who shall be permitted to present such an application, or indicates whether the application should be general in its character, asking simply for the appointment of some competent and responsible person, or particular, asking for the selection of some designated individual. Nor does the statute book throw any light upon the question whether, in case of such an application as I have styled " particular," the Surrogate would be bound to appoint the person specified, in the event that such person should not seem to be incompetent or irresponsible.

Surrogate COFFIN of Westchester county held, in Matter of Ludlow (3 *Redf.*, 391), that, on the return day of the citation issued in a proceeding to which infants are parties, if no person had applied for the appointment of a special guardian for such infants, the Surrogate should appoint of his own motion. Such has been the constant practice in this county, a practice that seems very sensible and proper; one

that would not have been open to criticism before the Code was enacted, and is not in conflict with any of the provisions of that instrument.

The Surrogate is powerless to compel the making of an application for the appointment of a special guardian, and, unless, in the absence of such application, he can lawfully appoint, a proceeding in which an infant is a party must come to a standstill, or must be prosecuted to the end, without any binding effect upon such infant.

If, therefore, the respective fathers of the several infant parties in the case at bar had not asked for the appointment of a special guardian, and if the Surrogate *ex mero motu*, had appointed the very person who has in fact guarded the interests of these infants, I think that his action in that regard would have been strictly regular.

It is, however, the better practice to insert in citations to infants a clause advising them that, in the event of their not appearing by general guardian, and of their failing to ask for the appointment of a special guardian, a special guardian will, upon the return of the citation, be appointed by the Surrogate. By this means the infants have the same notice of the purpose of the Surrogate to *make* the appointment as by § 2531 they are required to have, of the purpose of some party to the proceeding to *apply* for such appointment.

Now, in the present case there has, doubtless, been an irregularity in the neglect to give these infants, by citation, or otherwise, the notice for which § 2531 provides. But does that irregularity so vitiate these

proceedings as to impair the title which these objectors could take to the property purchased, and to relieve them accordingly from fulfilling their contract?

The Surrogate obtained jurisdiction of these infants when they were served with the citation issued upon a petition that set forth the jurisdictional facts prescribed by the statute (Code Civ. Pro., § 2474; Matter of Becker, 28 *Hun*, 207; Sibley v. Waffle, 16 *N. Y.*, 180; McMurray v. McMurray, 66 *N. Y.*, 175; Ingersoll v. Mangam, 84 *N. Y.*, 622). Now, § 2784 of the Code declares that the title of a purchaser in good faith, at a sale pursuant to a decree made in a proceeding like the present, " is not affected by any of the following omissions, errors, defects or irregularities, except so far as the same would affect the title of a purchaser at a sale made pursuant to the directions contained in a judgment rendered by the Supreme Court in an action—" 1*st.*, Where a petition was presented, and the proper persons were duly cited, and a decree for a sale and an order directing the execution thereof were made, . . . . . by any omission, error, defect or irregularity occurring between the return of the citation and the making of the decree or order directing the execution of the decree."

The petition herein was duly presented, the infants as well as the other parties were regularly cited, and the decree directing the sale, and the order confirming the sale and directing the execution of the same, were properly entered. Under these circumstances, I hold that the error, omission or defect complained

of is not of such a character that it would, in an
action in the Supreme Court, affect the title of a
purchaser of property at a sale made pursuant to the
judgment in such action (Alvord v. Beach, 5 *Abb. Pr.*,
451; Gaskin v. Anderson, 7 *Abb.*, *N. S.*, 1; Herbert
v. Smith, 6 *Lans.*, 493; De Forest v. Farley, 62 *N.
Y.*, 628; Darvin v. Hatfield, 4 *Sandf.*, 468; Holden
v. Sackett, 12 *Abb.*, *Pr.*, 473; Blakeley v. Calder, 15
*N. Y.*, 617; Jordan v. Van Epps, 19 *Hun*, 526;
Coit v. Reynolds, 2 *Robt.*, 655; Graham v. Bleakie, 2
*Daly*, 55; Matter of Dolan, 88 *N. Y.*, 309; Silleck
v. Heydrick, 2 *Abb. N. S.*, 57; Matter of Luce, 17
*Week. Dig.*, 35; Minor v. Betts, 7 *Paige*, 596).

In the case last cited, approvingly referred to in
Varian v. Stevens (2 *Duer*, 635), Chancellor WAL-
WORTH decided a question that arose under L. 1833,
ch. 227.  The act provided that, upon the filing of a
bill for the partition of lands, if any of the defendants
should be minors, it would, under certain circum-
stances, become the duty of the court to appoint a
guardian for such minors without exacting security,
" provided, however, that a copy of the said petition
and notice in writing, signed by the solicitor of the
complainants, specifying the time and place, when and
where the said petition will be presented, shall be
served, at least ten days before the presentation of
such petition, upon the general guardian of the minor
or minors, in case there be such guardian, *or upon
the minor, if there be none.*"

The act drew no distinction between resident and
non-resident infants, in its requirements respecting
service of notice, though, in the particular case in

which the question of its construction arose, the infants lived out of the State. The Chancellor directed that, the general notice to appear and answer having been duly published, the appointment of guardian *ad litem* might be made at once, without further notice to the infants.

In view of the decisions above cited, I hold that, in the case at bar, the neglect to give the infant parties notice of the application for the appointment of their special guardians, does not excuse these objectors from taking title.