Per Curiam.
The action was begun by George J. Leslie, as plaintiff. He obtained judgment and the defendant, after affirmance at general term, appealed to the Court of Appeals. The plaintiff died during the pendency of that appeal. On the application of the present plaintiff, the attorney who was the attorney of the former plaintiff moved in the Court of Appeals “ to revive and continue the cause in the name of Mary Powers, individually and as executrix, etc.” The motion was approved by defendant’s attorney. The court ordered that the motion be granted, “ and this cause is revived and continued in the name of Mary Powers, etc., as plaintiff and respondent therein, in place and stead of said George J. Leslie.”
*196 On the trial evidence was given as to the succession of the present plaintiff to the rights of George J. Leslie. No attention will be given to this evidence excepting that part of it that consisted of the order of the Court of Appeals already referred to.
On the trial the defendant’s counsel objected that Mary Powers, held no capacity to maintain this action, never having been substituted as plaintiff in this court. This is contrary to the meaning of the order, plainly expressed, and this order is final between the parties on the assumption that the Court of Appeals had power to make it. A different conclusion would not be valid, for the Court of Appeals is the final judge of its- own jurisdiction. The adjudication between the parties is final. Smith v. Zalinski, 94 N. Y. 519. It was necessarily involved in that adjudication that the plaintiff had succeeded to the rights of the former plaintiff. On the trial and the argument of the appeal nothing was based upon the fact that the plaintiff sues on an original right as well as on one derived from the former plaintiff.
It is said that giving such an effect to the order deprives the defendant of the constitutional right to a trial by jury on the issue of whether the plaintiff succeeded to the rights of George J. Leslie. But the defendant has had a trial by jury, and on that trial any competent evidence of a former adjudication was admissible, and must have its legal qualities and conclusiveness recognized. So that the question is, whether the fact that at the time of the arguing of the motion in the Court of Appeals the defendant could maintain the position that its right to a jury trial prevented that court rightfully making any order, excepting one of substitution, for the purpose of determining the appeal. But the court has finally decided this by making the order as it was made. It does not appear that there was a demand for a jury trial as to the particular matter.
*197 The other questions in the case have heretofore been passed upon, and the judgment and order are affirmed, with costs.