McADAM, J.
sole plaintiff has died, and the cause of action, which is in equity, survives and continues. Plaintiff’s administrator and the committee of the property of his widow and his heirs at law are his representatives and successors in interest, in" respect to. the premises involved in the litigation, known as “Nos. 92, 148-152 Pearl street.” The Code (section 757) provides that upon the death of a plaintiff “the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest.” The proposed plaintiffs make the application themselves, by petition dnly verified by one of them familiar with the facts, and none of the allegations of the petition is denied or controverted. Ho answer to the petition has been made, except' by the demand that if the action be revived it must be upon a supplemental bill, to which the defendants may take issue upon the alleged devolution of interest. The question raised came up in Garvey v. Owens, 115 N. Y. 671, which was an action by the owner of real property to compel specific performance of an agreement to purchase. The sole plaintiff died before trial, and his sole heir at law was substituted, and the suit directed to be continued in his favor. Upon the trial defendant’s counsel objected to proceeding on the ground that, by section 544 of the Code, it was necessary for the plaintiff to have obtained leave to serve, and to have served, a supplemental complaint alleging the facts in regard to the death of the former plaintiff. The objection was overruled, and exception taken. Defendants then objected to the admission of evidence as to the death of the sole plaintiff, and the devolution of title to the substituted plaintiff. This objection was also overruled, and exception taken. The general term held that under section 757 “there was no necessity for serving a supplemental or amended complaint,” and a judgment in favor of the plaintiff for the relief demanded was sustained. 9 St. Rep. 227. On affirming the judgment the court of appeals wrote no opinion. The question as to the necessity of a supplemental complaint was a vital one, and the court of appeals must have approved of the ruling of the court below on that point; for the former court has several times held that, where it has affirmed a judgment without opinion, it must be assumed that it has approved of the opinion of the court below upon every question necessary to a decision of the case. Higgins v. Crichton, 98 N. Y. 626; In re Woolsey, 95 N. Y. 141; Hobson v. Hale, id. 610. The defendants urge that, if the application is granted without requiring supplemental pleadings, the order substituting the petitioners would be conclusive as to the question of their title; citing Isham v. Davison, 3 Thomp. & C. *484 745; Powers v. Man. R. Co., 37 St. Rep. 893; Smith, v. Zalinski, 26 Hun, 225; Id., 94 N. Y. 519. In the case last cited there was not, as here, the death of the sole plaintiff, but a transfer of his interest after the action was begun. It does not hold that in' the event of the substitution of a plaintiff the court must order supplemental pleadings, but that a transfer or devolution of plaintiff’s interest after issue joined “is usually a formal matter, in which the defendant has no concern, except to be protected from a double claim. In all other respects the vital issues of the litigation remain unchanged, and they only are to be tried,” and that “on the hearing (of the motion to substitute) the applicant must establish his ownership, and the defendant may deny it. If there be doubt about it, the court may deny the motion, and order the action to proceed, irrespective of any such transfer. If there be no doubt about it, or the defendant, by default or silence, admits it, the court may order the substitution; and even then, if justice or safety requires, it may order an amendment of the pleadings ‘or otherwise.’ By this process the defendant has ample chance to understand and.contest the new ownership. If, on the motion, he raises the issue, the court may decide it, or order such supplemental pleadings beyond the mere substitution as to carry the contested issue over to trial.” The application is not, under section 544 of the Code, for leave to serve a supplemental bill, but under section 757, which gives the petitioners the undeniable right to revive the action where, as in this instance, their successorship in title to the property by operation of law is undisputed. Under section 121 of the former Code, a supplemental complaint was necessary only in cáses where the motion to revive was made after the expiration of one year from the plaintiff’s death. Greene v. Bates, 7 How. Prac. 296. This' provision was carried into the new Code in 1877 (section 757), but was expunged two years afterwards (Laws 1879, p. 607), so that the course of legislation puts at rest any question as to the established practice. The only questions presented for determination are whether the plaintiff has died, and his interest in the cause of action passed to the petitioners. If the defendants at the hearing had tendered an issue upon the subject, by disputing the facts alleged, it might have been tried and decided then and there, and it is upon this theory that the order is held to be conclusive at the trial, Underhill v. Crawford, 29 Barb. 664; Washoe Tool Manuf’g Co. v. Hibernia Fire Ins. Co,, 7 Hun, 77; Id., 66 N. Y. 613; the principle being that if a party has had his day in court, and been given an opportunity of litigation an issue or contesting facts alleged, and fails to dó so, he cannot afterwards complain of the adjudication made against him, or be again permitted to open or question the matter so adjudicated. The defendants having raised no issue, but impliedly conceded the facts alleged, they failed to show any necessity for a supplemental bill. It is therefore difficult to conceive why an order to which *485 the petitioners have proved themselves entitled as of right should he withheld simply because the law might impress upon it, at a subsequent stage of the litigation, a result which follows nearly every judicial determination almost as of course. To order a supplemental complaint as to facts undisputed, and perhaps indisputable, would be to sacrifice substance for form, and encourage delay,—an undesirable object to all well-intending litigants. Presumptively, the defendants cannot be “injuriously affected, or exposed to the danger of another recovery,” Washoe Tool Manuf’g Co. v. Hibernia Fire Ins. Co., 7 Hun, 77; Id., 66 N. Y. 613; and if a state of facts exists which would overcome the prima facie case repuired to be made, the same should be preseuted to the court, in opposition to the motion to continue, or subsequently. Obviously, no harm can come to the defendants from granting the petitioners’ application. The motion must be granted, and without prejudice to proceedings already had.
Motion granted, without prejudice to proceedings already had.