(109 App. Div. 321.)

## FLANNERY v. SAHAGIAN.

(Supreme Court, Appellate Division, Second Department.   November 24, 1905.)

ABATEMENT AND REVIVAL—ORDER FOR CONTINUANCE OR REVIVAL.

Code Civ. Proc. § 760, providing that in case of the death of a defendant, where the successor applies in his own behalf, the court may direct that he be made a party, by amendment of the pleadings or otherwise, as the case requires, and that, where an application is made by plaintiff to bring in such a person as defendant, the court may direct that a supplemental summons issue and that supplemental pleadings be made, does not require the court to order a supplemental summons and complaint; but it is sufficient to order that the action be continued against the executor, and that the summons and pleadings be amended so as to make him a party defendant.

Appeal from Special Term, Westchester County.

Action by Patrick J. Flannery against Aslan Sahagian. Defendant died during the pendency of the action, and letters testamentary were issued to Ezekiel J. Elting. From an order that the action be continued against the executor, and that the summons and pleadings be amended so as to make him a party defendant, and also from an order refusing to resettle such order, the executor appeals. First order affirmed, and second order dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Ralph Earl Prime, Jr., for appellant.

F. X. Donoghue, for respondent.

RICH, J.   This action was commenced in April, 1893, to recover a balance alleged to be due on a building contract and for extra work, and the issues were referred to a referee to hear and determine.   The cause was subsequently noticed for trial, adjourned from time to time at the defendant's request, and finally adjourned indefinitely.   On February 11, 1904, the defendant died.   His last will and testament was duly admitted to probate by the surrogate of Westchester county, and letters testamentary were issued to Ezekiel J. Elting, who qualified and entered upon the discharge of his duties. December 31, 1904, an order was made at Special Term in which it was directed that the action be continued in the name of the plaintiff against and in the name of Ezekiel J. Elting, as executor of the last will and testament of Aslan Sahagian, the defendant, deceased, and that the summons and pleadings in the action be amended so as to make said executor the party defendant in this action, without prejudice to any proceedings theretofore had in such action.   Subsequently the executor moved to resettle this order by substituting an order proposed by him, providing, in addition to the foregoing, that "the plaintiff have leave to file a supplemental complaint herein, alleging such of the matters stated in said affidavits and such other matters as he may be advised, and that a supplemental summons issue herein, addressed to said Ezekiel J. Elting, such executor, requiring him to answer the original and such supplemental complaint."   The court denied the motion for resettlement and con-

firmed the original order, and this appeal is from the original order, and also from the order denying the motion for a resettlement.

No objection is made by the executor to being brought in as a party defendant. He challenges only the manner in which the powers vested in the court have been exercised. He contends that under the provisions of section 760 of the Code of Civil Procedure there is no power in the court to continue an action against the executor of a deceased sole defendant in any manner other than by supplemental summons and complaint, with the right of the executor to answer the complaint. In this I think he is incorrect. No new issue is created by bringing in the executor. The allegations of the present complaint would be changed in no manner in a supplemental pleading, except by adding an averment of the death of the defendant and the appointment of his executor, the bringing of the action in the lifetime of the defendant, and his death subsequent to its commencement. No necessity is shown, for the protection of the executor's rights or those of the estate which he represents, that he should be given the opportunity to answer a supplemental complaint. The defendant has amended his answer once, and it must be presumed, in the absence of any showing to the contrary, that it now properly presents the defense relied upon, and that no necessity exists for a further amendment. As was said in Moore v. Hamilton, 44 N. Y. 666:

"When the action is revived, the issues and proceedings are taken up at the point where death, marriage, or other devolution of the party, as to whom the change is made, left them. The new or substituted party takes the place of the former one, and the case is revived and proceeds in all respects as if the new party had been in the case from the beginning. The pleadings remain the same, and all the prior proceedings are valid and operative. If any reason exists or has arisen for a change, it is incumbent upon the aggrieved party to apply to the court by motion, where, if the party is entitled to it, relief may be granted. The order of reference was not affected by the death or the substitution of the new party. If the defendant was able to show that there was any reason existing why the reference or the trial should not proceed, he should have moved the court in the usual form for relief."

This doctrine has been cited with approval in Smith v. Zalinski, 94 N. Y. 519, and Reilly v. Hart, 130 N. Y. 625, 628, 29 N. E. 1099, 27 Am. St. Rep. 540. Such procedure protects the rights of the defendant in every action, and if any reason exists why the allegations of the existing answer should be changed, because of the death of a defendant, such relief can be had on motion. The practice is correctly stated in Abbott's New Practice and Forms (volume 2, p. 505) as follows:

"If the cause of action survives the death of a sole plaintiff or sole defendant, the continuance of the action by bringing in the representative or successor must now be effected by motion and order, without putting the applicant to a supplemental pleading, unless there are other facts besides the succession which should be alleged."

The order refusing to resettle should be dismissed, without costs, and the order continuing the action should be affirmed, with $10 costs and disbursements. All concur.