ELIZABETH GRUNER, Plaintiff, *v.* ERNEST L. RUFFNER et al.,
Defendants.

(County Court, Erie County, May, 1908.)

Infants — Actions by and against infants: Process — Not required against infant, substituted parties; Appearance — Voluntary.

> Under the provisions of the Code of Civil Procedure relating to proceedings upon the death or disability of a party, infants may regularly become parties defendant to an action without the service of a summons upon them.
>
> The provisions of section 760 of the Code of Civil Procedure for the issuance of a supplemental summons are not mandatory; and the provisions of section 453 are not mandatory as to substituted parties, but only as to necessary or proper original parties whom the court orders to be brought in.
>
> The provisions of section 424 of the Code of Civil Procedure relating to the voluntary appearance of a defendant are applicable to infants who voluntarily serve an answer by a duly appointed guardian *ad litem.*

MOTION made by a party defendant to set aside sale in foreclosure and all proceedings subsequent to the death of another party defendant.

Charles A. Pooley, for motion.

Edmund P. Cottle, plaintiff's attorney, and William R. Daniels, guardian *ad litem,* opposed.

TAYLOR, J.   This action was brought to foreclose a mortgage upon real property.   One of the defendants originally

named was Jennie H. Ruffner. After her appearance in the action and before judgment she died, being the owner of the equity of redemption. Prior to judgment the plaintiff made a motion, reciting the proper facts for the substitution of the infant children of said Jennie H. Ruffner, to wit, Ernest L., Gretchen and Clark Ruffner, in her place and stead and for the amendment of the summons and complaint and all papers in accordance therewith and that the action proceed with such substitution. Thereafter the father of the infants, then located temporarily in Ohio, but about to go to the Philippines for service in the United States Army, properly executed and acknowledged a written paper in which he requested that William R. Daniels of the city of Buffalo, an uncle by marriage of the infants named, should be appointed their guardian *ad litem.* Subsequently thereto said Daniels filed a petition, setting up that the infants were under fourteen years of age, absent from the State of New York and that they had no general or temporary guardian. An order of the court was made substituting said infants in place of their deceased mother and amending the summons, etc., as asked in the notice of motion by plaintiff referred to; and thereafter, upon the petition mentioned, said Daniels was appointed guardian *ad litem* and served upon the plaintiff the ordinary infant's answer. At the sale defendant Pooley, who is liable for deficiency, objected to the sale taking place on the ground " That the three infant Ruffners, owners of the property, are not brought in as defendants; no process ever served to make them responsible for action here and that this sale would not cut off their interests in the property."

Sections 471–473 of the Code of Civil Procedure relate to the appointment of guardians for infant defendants. Section 471 defines the proper procedure where service of the summons has been made on the infant personally or by publication under section 441. Section 473 provides an additional method of procedure, applicable to infants residing or temporarily sojourning without the State, who have not been in any manner served with the summons. Service of the " order " mentioned in this section, as well as service of the summons under section 471, are merely means provided for

hastening the time when the plaintiff himself may procure the appointment of a guardian. Neither is necessary where some one other than the plaintiff applies. Gotendorf v. Goldschmidt, 83 N. Y. 110; Varian v. Stevens, 2 Duer, 635.

It will be seen that these sections require that such infants become parties defendant and also partially provide means for making them such. However, it must be borne in mind that infants may regularly become parties defendant through other channels, as in fact occurred in the case at bar. In section 758, Code of Civil Procedure, provision is made for the continuance of an action against the survivors of one of two or more deceased defendants. This plaintiff, pending the action and proceeding regularly under this section, procured an order of this court, on notice to all concerned, substituting the infants in place and stead of their deceased mother, the defendant Jennie H. Ruffner, before judgment, without prejudice to any proceedings already had and amending the summons and all papers in the action accordingly. In the judgment of foreclosure and sale the three infants are named as defendants, substituted in place of Jennie H. Ruffner. In passing it may be observed that, under the second sentence in section 760, the issuance of a supplemental summons under such circumstances is not mandatory, and that section 453, wherein such issuance is mandatory, applies to necessary or proper original parties only and not to substituted parties, survivors, such as those now under discussion. Griswold v. Caldwell, 14 Misc. Rep. 299; Flannery v. Sahagian, 109 App. Div. 321; Drury v. Clark, 16 How. Pr. 424.

There remains for consideration the regularity of the procedure whereby the guardian was appointed. The petition for his appointment was made by a friend pursuant to a request by the father of the infants embodied in a sufficient writing. It shows that the infants were under fourteen years of age, without the State, and that they had no general or temporary guardian. Therefore, no notice to anybody is necessary under section 471. Platt v. Finck, 60 App. Div. 312.

Section 424 of the Code of Civil Procedure says: "A

voluntary general appearance of the defendant is equivalent to personal service of the summons upon him."

These infants having voluntarily served an answer herein by a regularly and duly appointed guardian became as properly parties as if the summons had been served upon them. I cannot see how service of a summons on the guardian, under such circumstances, could have been of any possible value. Rogers v. McLean, 34 N. Y. 542; Thistle v. Thistle, 66 How. Pr. 472.

The motion is denied, with ten dollars costs to the plaintiff.