## GRUNER v. RUFFNER et al.

### (Erie County Court. May 29, 1908.)

1. INFANTS—ACTIONS—GUARDIAN AD LITEM—PROCEEDINGS FOR APPOINTMENT—SERVICE—ORDER—SUMMONS.

Under Code Civ. Proc. § 471, requiring an infant defendant to appear by guardian appointed upon the application of the infant, if he is 14 years old and applies within 20 days after personal service of the summons, or, if under that age or he neglects to apply, upon the application of any other party, etc., and section 473, providing that, where an infant resides outside of the state or is temporarily absent therefrom, the court may make an order designating a person as his guardian ad litem, unless he or some one in his behalf procures the appointment of a guardian within a specified time after service of a copy of the order, the service of the order mentioned in the latter section and of the summons mentioned in section 471 is merely a means of procuring the appointment of a guardian by the plaintiff, and neither is necessary when some one other than a plaintiff applies for a guardian.

**2. SAME—SUBSTITUTION OF INFANTS FOR DECEASED DEFENDANT—CONTINUANCE OF ACTION AFTER DEATH OF PARTY.**

Code Civ. Proc. § 471, requiring an infant defendant to appear by guardian appointed upon application of the infant, if he is 14 years old and applies within a certain time after service of summons, or, if not of that age or he neglects to apply, upon the application of any other party, and section 473, permitting the court in its discretion to appoint a guardian for an infant defendant where the infant resides out of the state or is temporarily absent, unless he or some other person procures an appointment within the specified time, do not provide the only means for making infants parties defendant, as section 758 provides that the estate of a person shall not be discharged by his death, and the court may make an order to bring in the proper representatives of decedent when necessary; and where a defendant died, leaving two infant children, and plaintiff procured an order under this section, on notice to all parties, substituting the infants as defendants, before judgment and without prejudice to former proceedings, and the summons and all the papers were properly amended, the infants were properly made parties defendant; and section 760, providing that, where an application to bring in a decedent's representatives as defendants is made by plaintiff, the court may direct a supplemental summons issued, is not mandatory in such case, and section 453, providing that, where the court directs a new defendant to be brought in on an order not made upon his own application, a supplemental summons must issue, is mandatory, but applies only to original parties, and not to substituted parties.

**3. SAME—NOTICE ON APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM.**

Under Code Civ. Proc. § 471, providing that an infant defendant must appear by guardian, who must be appointed on the application of the infant, if he be 14 years old, or, if less or he neglects to so apply, on the application of any other party in the action, and, where the application is made by one other than the infant, notice thereof must be given to his guardian, if he has one in the state, or, if none and the infant is under 14 years of age and within the state, to the person with whom he resides, where the petition for the appointment of a guardian for an infant was made by a friend, pursuant to a request by his father, and showed that the infant was under 14 years old, without the state, and had no general guardian, no notice to any one was necessary under the statute.

**4. SAME—SERVICE OF SUMMONS—NECESSITY.**

Under Code Civ. Proc. § 424, making a voluntary general appearance of a defendant equivalent to personal service of the summons upon him, infant defendants, having voluntarily served an answer in a pending action by a duly appointed guardian ad litem, became parties without service of summons upon him, and service of the guardian was also unnecessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, §§ 258–260, 273–276.]

Action by Elizabeth Gruner against Ernest L. Ruffner and others. Motion by a defendant to set aside a sale made in foreclosure proceedings and all the proceedings subsequent to the death of another party defendant. Motion denied.

Charles A. Pooley, for the motion.

Edmund P. Cottle and William R. Daniels, guardian ad litem, opposed.

TAYLOR, J. This action is brought to foreclose a mortgage upon real property. One of the defendants originally named was Jennie H. Ruffner. After her appearance in the action and before judg-

ment she died, being the owner of the equity of redemption. Prior to judgment the plaintiff made a motion, reciting the proper facts, for the substitution of the infant children of said Jennie H. Ruffner, to wit, Ernest L., Gretchen, and Clark Ruffner, in her place and stead, and for the amendment of the summons and complaint and all papers in accordance therewith, and that the action proceed with such substitution. Thereafter the father of the infants, then located temporarily in Ohio, but about to go to the Philippines for service in the United States army, properly executed and acknowledged a written paper in which he requested that William R. Daniels, of the city of Buffalo, an uncle by marriage of the infants named, should be appointed their guardian ad litem. Subsequent thereto said Daniels filed a petition, setting up that the infants were under 14 years of age, absent from the state of New York, and that they had no general or temporary guardian. An order of the court was made substituting said infants in place of their deceased mother and amending the summons, etc., as asked in the notice of motion by plaintiff referred to, and thereafter upon the petition mentioned said Daniels was appointed guardian ad litem and served upon the plaintiff the ordinary infant's answer. At the sale defendant Pooley, who is liable for deficiency, objected to the sale taking place, on the ground "that the three infant Ruffners, owners of the property, are not brought in as defendants, no process ever served to make them responsible for action here, and that this sale would not cut off their interests in the property."

Sections 471–473 of the Code of Civil Procedure relate to the appointment of guardians for infant defendants. Section 471 defines the proper procedure where service of the summons has been made on the infant personally or by publication under section 441. Section 473 provides an additional method of procedure applicable to infants residing or temporarily sojourning without the state, who have not been in any manner served with the summons. Service of the "order" mentioned in this section, as well as service of the summons under section 471, are merely means provided for hastening the time when the plaintiff himself may procure the appointment of a guardian. Neither is necessary where some one other than the plaintiff applies. Gotendorf v. Goldschmidt, 83 N. Y. 110; Varian v. Stevens, 2 Duer, 635.

It will be seen that these sections require that such infants become parties defendant and also partially provide means for making them such. However, it must be borne in mind that infants may regularly become parties defendant through other channels, as in fact occurred in the case at bar. In section 758, Code of Civil Procedure, provision is made for the continuance of an action against the survivors of one of two or more deceased defendants. This plaintiff, pending the action and proceeding regularly under this section, procured an order of this court, on notice to all concerned, substituting the infants in place and stead of their deceased mother, the defendant Jennie H. Ruffner, before judgment, without prejudice to any proceedings already had, and amending the summons and all papers in the action accordingly. In the judgment of foreclosure and sale the three in-

fants are named as defendants, substituted in place of Jennie H. Ruff-ner. In passing it may be observed that under the second sentence in section 760 the issuance of a supplemental summons under such circumstances is not mandatory, and that section 453, wherein such issuance is mandatory, applies to necessary or proper original parties only, and not to substituted parties, survivors, such as those now under discussion. Griswold v. Caldwell, 14 Misc. Rep. 299, 35 N. Y. Supp. 1057; Flannery v. Sahagian, 109 App. Div. 321, 95 N. Y. Supp. 643; Drury v. Clark, 16 How. Prac. 424.

There remains for consideration the regularity of the procedure whereby the guardian was appointed. The petition for his appointment was made by a friend, pursuant to a request by the father of the infants, embodied in a sufficient writing. It shows that the infants were under 14 years of age, without the state, and that they had no general or temporary guardian. Therefore no notice to anybody is necessary under section 471. Platt v. Finck, 60 App. Div. 312, 70 N. Y. Supp. 74. Section 424 of the Code of Civil Procedure says:

"A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him."

These infants, having voluntarily served an answer herein by a regularly and duly appointed guardian, became as properly parties as if the summons had been served upon them. I cannot see how service of a summons on the guardian under such circumstances could have been of any possible value. Rogers v. McLean, 34 N. Y. 542; Thistle v. Thistle, 66 How. Prac. 472.

The motion is denied, with $10 costs to the plaintiff.